814 A.2d 1115 (2003)
357 N.J. Super. 196
Jerome EDWARDS and Joseph Garofolo, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,
v.
PRUDENTIAL PROPERTY AND CASUALTY COMPANY and the Prudential Property and Casualty Insurance Company of New Jersey, Defendants-Respondents.
Kenneth Davis, on behalf of himself and all others similarly situated, Plaintiff-Appellant,
v.
Allstate Insurance Company, Allstate Indemnity Company and Allstate New Jersey Insurance Company, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued November 18, 2002.
Decided January 21, 2003.
*1117 John W. Trimble, Jr., Blackwood and James C. Shah, Collingswood, argued the cause for appellants in A-0590-01T5 and A-2712-01T3 (Morrison & Trimble, attorneys; Mr. Trimble, Natalie Finkelman Bennett and Mr. Shah, on the brief).
Robert J. Del Tufo, Trenton, argued the cause for respondents in A-0590-01T5 (Skadden, Arps, Slate, Meagher & Flom, attorneys, New York City; Mr. Del Tufo and Cynthia V. Fitzgerald, New York City, on the brief).
Mark J. Levin, Roseland (Ballard, Spahr, Andrews & Ingersoll) of the Pennsylvania Bar, Philadelphia, PA, admitted pro hac vice, argued the cause for respondents in A-2712-01T3 (Ballard, Spahr, Andrews & Ingersoll, attorneys; Glenn A. Harris, Camden, Mr. Levin and Margo Weinstein (Sonnenchein, Nath & Rosenthal) of the Chicago, IL, Bar, admitted pro hac vice, on the brief).
Before Judges HAVEY, WELLS and PAYNE.
*1116 The opinion of the court was delivered by HAVEY, P.J.A.D.
Automobile general liability policies issued by the defendant insurance companies in this case contain a Compensation Provision, under which defendants agree to reimburse their insureds for out-of-pocket expenses incurred while the insureds attended court proceedings in a personal injury action defended by the insurers. In these consolidated appeals, the central issue is whether defendants have an affirmative duty to alert the insureds to their right to reimbursement under the Compensation Provision when the expenses are incurred, and to provide them with "claim forms" in order to facilitate their reimbursement claims. In granting defendant's motion to dismiss for failure to state a claim, Rule 4:2-6(e), the trial court held that defendants owed no such duty. We agree and affirm.
Plaintiff Kenneth Davis filed a class action complaint against defendants Allstate Insurance Company, Allstate Indemnity Company and Allstate New Jersey Insurance Company (Allstate) asserting, among other causes of action, breach of implied covenant of good faith and fair dealing, breach of contract, and insurance bad faith. Plaintiffs Jerome Edwards and Joseph Garofolo filed a separate class action advancing the same causes of action against defendants Prudential Property and Casualty Company and the Prudential Property and Casualty Insurance Company of New Jersey (Prudential). In both complaints, plaintiffs allege that: (1) they and class members are current or former named insureds or "other" insureds under automobile liability policies issued by Allstate or Prudential; (2) they were named as defendants in personal injury actions for which defendants provided a defense; *1118 and (3) they incurred lost wages and other expenses as a result of attending pretrial court proceedings in the underlying actions.
The policies issued by Allstate and Prudential contain a Compensation Provision. Allstate's policy provides:
In addition to our limit of liability, we will pay on behalf of an insured:
....
4, Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.
Prudential's policy provides:
We'll pay any reasonable bills connected with the defense of you or any other insured incurred at our request, such as travel expenses to attend court. But we won't pay more than $50 per day for actual net wages lost if the insured has to take time off from work.
It is undisputed that plaintiffs have never made a claim for reimbursement under the Compensation Provisions of the policies issued to them.
Indulgently read, plaintiffs complaints charge that defendants are deliberately "silent" regarding their duty to reimburse under the Compensation Provisions. Specifically, plaintiffs complaints charge that defendants:
intentionally fail[ ] to inform insureds of their right to payment under the Compensation Provision, even though [defendants] know[ ] that [they are] requiring [their] insureds to incur expenses and likely lose wages, which automatically entitles the insureds to payment under the Compensation Provision.
[Defendants] know[ ] that the vast majority of [their] insureds are unaware that they are automatically entitled to benefits under the Compensation Provision as a result of complying with [defendants'] request that they attend and give testimony. [Defendants rely] on the ignorance of [their] insureds and conceal[ ] the right to payment from [their] insureds.
Plaintiffs add:
[Defendants do] not provide insureds who have attended a deposition, hearing or trial with any type of notification or claim form, or any other means by which payments under the Compensation Provision can be sought. On information and belief, no such form exists. [Defendants] make[ ] it difficult, or impossible, for insureds to obtain the benefits to which they are entitled under [defendants'] policies.
[Defendants] fail[ ] to provide a simple form related to the Compensation Provision to the attorneys [they] retain to defend claims against [their] insureds, despite the fact that [defendants] know[] that the attorneys will be present whenever [their] insureds are required to attend and give testimony at a deposition, hearing or trial.
....
In addition to the lack of forms and/or claims mechanism, upon information and belief, [defendants train their] agents and representatives not to inform insureds that they are entitled to payments for lost wages and expenses under the Compensation Provision.
Plaintiffs seek, on behalf of themselves and class members, declaratory and injunctive relief, disgorgement and restitution of defendants' "wrongful profits and revenue," and compensatory and punitive damages.
The trial court granted separate motions to dismiss made by Allstate and Prudential under Rule 4:6-2(e). The court found no facts in the pleadings supporting plaintiffs' claim that defendants had created a "barrier" inhibiting plaintiffs' opportunity to *1119 make a claim for reimbursement under the Compensation Provisions. The court also found no duty imposed by law that required defendants to alert plaintiffs to the Compensation Provisions, or to provide them with claim forms when the insureds incurred the expenses.
The standard of review is well-settled. Because this appeal arises from defendants' motion on the pleadings under Rule 4:6-2(e), we must assume the truthfulness of the allegations contained in plaintiffs' complaints, giving plaintiffs the benefit of all reasonable factual inferences that those allegations support. F.G. v. MacDonell, 150 N.J. 550, 556, 696 A.2d 697 (1997). At such a preliminary stage of the proceeding, we are not concerned with plaintiffs' ability to prove the facts alleged in their complaints. Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 746, 563 A.2d 31 (1989). Nevertheless, the motion should be granted if even a generous reading of the allegations does not reveal a legal basis for recovery. Camden County Energy Recovery Assocs. v. N.J. Dep't of Envtl. Prot., 320 N.J.Super. 59, 64-65, 726 A.2d 968 (App.Div.1999), aff'd o.b., 170 N.J. 246, 786 A.2d 105 (2001). The motion may not be denied based on the possibility that discovery may establish the requisite claim; rather, the legal requisites for plaintiffs' claim must be apparent from the complaint itself. Id. at 64, 726 A.2d 968.
Plaintiffs first argue that defendants breached an implied covenant of good faith and fair dealing by creating a "barrier" by their affirmative conduct that prevents insureds from availing themselves of the reimbursement benefits under the policies. The trial court properly rejected the claim.
A duty of good faith and fair dealing is implicit in every contract of insurance, and the insurer has an even greater duty than the insured to act fairly and in good faith. Clients' Sec. Fund of the Bar of New Jersey v. Security Title & Guaranty Co., 134 N.J. 358, 372, 634 A.2d 90 (1993). Such duty is grounded on the fundamental principle that in every contract there is an implied covenant that neither party shall commit any act which shall destroy or injure the rights of the other party to enjoy the fruits of the contract. R.J. Gaydos Ins. Agency, Inc. v. National Consumer Ins. Co., 168 N.J. 255, 277, 773 A.2d 1132 (2001); Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 420, 690 A.2d 575 (1997). Also, "although the implied covenant of good faith and fair dealing cannot override an express term in a contract, a party's performance under a contract may breach that implied covenant even though that performance does not violate a pertinent express term." Wilson v. Amerada Hess Corp., 168 N.J. 236, 244, 773 A.2d 1121 (2001) (citing Sons of Thunder, supra, 148 N.J. at 419, 690 A.2d 575).
This is not a case where a party to a contract commits an act that destroys or obstructs the right of the other party to enjoy the fruits of the contract. See id. at 251, 773 A.2d 1121 (gas supplier having the contractual right to set prices may nevertheless breach covenant of good faith and fair dealing if it does so arbitrarily "with the objective of preventing the other party from receiving its reasonably expected fruits under the contract"). Fairly read, plaintiffs' complaints do not assert, as they argue, that defendants, by affirmative acts, have created a "barrier" preventing plaintiffs from seeking reimbursement under the policies. In essence, the claim is that the defendants violated an implied covenant of good faith and fair dealing by not alerting insureds to the benefits offered under the Compensation Provision.
Insurance companies have an obligation to supply insureds with a copy *1120 of their policy. Sears Mortgage Corp. v. Rose, 134 N.J. 326, 348, 634 A.2d 74 (1993). However, we have been cited to no authority for the proposition that a duty exits to make the insureds aware of specific provisions after the policy has been received. Courts in sister jurisdictions have held otherwise. See Union Auto. Indem. Ass'n v. Shields, 79 F.3d 39, 42 (7th Cir.1996) (holding that insurer is under no duty to advise insured of conditions or limitations under policy, applying Indiana law); Miller v. Keystone Ins. Co., 535 Pa. 531, 636 A.2d 1109, 1113 (1994) (absent factual basis to invoke doctrine of equitable estoppel, insured did not act in bad faith by failing to advise insured of statute of limitations provision under no-fault policy); Cf. 17 Couch on Insurance § 238.24 (3rd ed.2000) (an insurer is under no duty to inform claimant of potential benefits under an insurance policy). Nor is there a duty on the part of the insurer to explain clearly-worded provisions in the insurance contract. See Hess v. Allstate Ins. Co., 614 F.Supp. 481, 487 (W.D.Pa.1985) (insurer is required to prove that insured received copy of policy containing the clear and unambiguous provisions. However, "mere allegations of failure of their insurer to explain clearly-worded limitation are legally insufficient"), aff'd, 804 F.2d 1248 (3rd Cir.1986).
Our courts have held fast to the general rule that an insured is chargeable with knowledge of the contents of an insurance policy in the absence of fraud or inequitable conduct on the part of the carrier. Merchants Indem. Corp. v. Eggleston, 37 N.J. 114, 121-22, 179 A.2d 505 (1962). "Normally, insurance purchasers are expected to read their policies and `the law may fairly impose upon [them] such restrictions, conditions and limitations as the average insured would ascertain from such reading.'" Sears, supra, 134 N.J. at 348, 634 A.2d 74 (quoting Bauman v. Royal Indem. Co., 36 N.J. 12, 25, 174 A.2d 585 (1961)); see also Millbrook Tax Fund, Inc. v. Henry & Assocs., Inc., 344 N.J.Super. 49, 53, 779 A.2d 1120 (App.Div.2001) ("a policy holder is obligated to read the policy he receives and is bound by the clear terms thereof").
Here, there is no claim of fraud or misrepresentation on defendants' part. Moreover, the Compensation Provisions are hardly ambiguous; they alert the insured in clear and certain terms of their entitlement to reimbursement. In the circumstances, defendants' failure to alert plaintiffs to the reimbursement benefits can hardly be deemed a breach of an implied covenant of good faith and fair dealing.
Plaintiffs' breach of contract claim is also legally deficient. The Compensation Provisions state that defendants "will pay" the insureds' expenses, subject to limitations not implicated here. This duty to "pay" under the provisions clearly presupposes a request or demand for payment and the presentation of facts supporting the claim before the insurers have a duty to reimburse. The insureds' obligation to make such a claim is both logical and necessary to trigger the insurers' duty to reimburse. See 8 Corbin on Contracts, § 37.11 (1999) (if only the promisee possesses information necessary for performance of a contract term, "notice to the promisor is, by construction of law, a condition of the promisor's duty to perform"). For whatever reason, in this case plaintiffs have chosen not to make any claim for reimbursement under the policy.
We have considered plaintiffs' additional argument that defendants have acted in bad faith and are satisfied the issues are not of sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). *1121 See Pickett v. Lloyd's, 131 N.J. 457, 481, 621 A.2d 445 (1993).
Affirmed.