

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2004

# Estate Gleiberman v. Hartford Life Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3319

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Estate Gleiberman v. Hartford Life Ins Co" (2004). *2004 Decisions.* Paper 811.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/811

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

———————

No. 03-3319

———————

ESTATE OF DAVID GLEIBERMAN;
CLOTIDES GLEIBERMAN, on behalf of
themselves and all others similarly situated

v.

THE HARTFORD LIFE INSURANCE COMPANY

Estate of David Gleiberman; Clotildes Gleiberman,

<u>Appellants</u>

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 03-cv-00309)
District Judge: Hon. Garrett E. Brown, Jr.

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 12, 2004

BEFORE: RENDELL, COWEN and LAY*, <u>Circuit Judges</u>

(Filed: April 19, 2004)

———————

OPINION

———————

———————

*Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit,
sitting by designation.

COWEN, Circuit Judge.

The Estate of David Gleiberman and Clotides Gleiberman (collectively "the Gleibermans") appeal the order of the District Court dismissing their claims against the Hartford Life Insurance Company ("Hartford"). The Gleibermans contend that the District Court erred in ruling on the motion to dismiss before deciding the issue of class certification, erred in finding that Hartford's notification procedure was not inadequate as a matter of law, and incorrectly applied the standard for a motion to dismiss. We will affirm.

**Background**

On April 19, 1993, Mr. Gleiberman signed an "Application for Variable Annuity Contract" ("the application") with Hartford. On May 18, 1993, Mr. Gleiberman made a payment of $617,281.90 to Hartford and was given a copy of the application he had previously filled out and signed, as well as a copy of Hartford's "Individual Flexible Premium Variable Annuity Contract" ("the contract"). The contract stated that Mr. Gleiberman had the right to cancel within ten days, by returning the contract to Hartford along with a written request for cancellation. It informed Mr. Gleiberman that the Annuity Commencement Date was July 4, 2002. The contract explained that "[t]his date may be changed by the Contract Owner with 30 days advance written notification, and may be the fifteenth of any month before or including the month of the Annuitant's 90th birthday." (App. vol. 2 at 37.) The contract further provided Mr. Gleiberman with four

2

alternatives for the annuity payment and explained, "[i]n the absence of an election by the Contract Owner the Termination Value without deduction for any contingent deferred sales charge will be applied on the Annuity Commencement Date under the second option to provide a life annuity with 120 payments certain."[1] (Id. at 39.) Finally, the contract stated that Mr. Gleiberman was the annuitant, and that his wife, Clotides Gleiberman was the designated beneficiary.

On April 30, 2002, Hartford sent Mr. Gleiberman a courtesy reminder, notifying him that it was time to select one of the payment options, and that if no option was selected, the annuity would be paid out as a life annuity with 120 months certain. Hartford received no response to the notice. On August 6, 2002, Hartford sent Mr. Gleiberman a notice indicating that the life annuity with 60 payments certain had been selected, along with a check for the first annuity payment.

Mr. Gleiberman's son, Paul Gleiberman, wrote to Hartford in on August 14, 2002, requesting copies of the contract and copies of any correspondence from Mr. Gleiberman confirming the election of the life annuity option. Hartford responded, indicating that the contract had stipulated that the life annuity option would be selected if Mr. Gleiberman failed to select one of the other options before the annuity commencement date of July 4,

---

[1]Although the contract indicated that the life annuity option with 120 months certain would be selected, it also stated that IRS rules governed the contract. Those rules required that the period-certain portion of an annuity contract not exceed the life expectancy of the annuitant. Mr. Gleiberman's life expectancy was 5 years at the time the annuity began.

2002. On October 3, 2002, Paul Gleiberman again wrote to Hartford, explaining that Mr. Gleiberman had never received the reminder notice, that Mr. Gleiberman was rejecting the forced annuitization of the contract because it was done without his consent, and that Mr. Gleiberman would not be depositing any of the annuity checks. Hartford replied that the forced annuitization had occurred pursuant to the clear language of the contract, but that Hartford was willing to (1) reinstate the original contract and defer the annuity for an additional five years, or (2) allow Mr. Gleiberman to select one of the other options. The letter included a quote for payments under the fourth option, in response to a request by Paul Gleiberman.

The Gleibermans later filed this putative class action suit, alleging common law claims for unjust enrichment, breach of the implied duty of good faith and fair dealing, restitution, and breach of fiduciary duty. In addition, the Gleibermans filed a claim under N.J. Stat. Ann. § 17:29C-1.1 to 1.2. On July 17, 2003, the District Court dismissed the complaint, finding that the Gleibermans had failed to state a claim upon which relief could be granted.

## Discussion

We exercise plenary review over a district court's decision to grant a motion to dismiss under Rule 12(b)(6). Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183 (3d Cir. 2000). A motion to dismiss may be granted only when, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most

4

favorable to plaintiff, plaintiff is not entitled to relief." Maio v. Aetna, Inc., 221 F.3d 472, 481-82 (3d Cir. 2000) (citations omitted).  In reviewing the motion to dismiss, we may also consider exhibits attached to and incorporated into the complaint.  See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994).  In this case, such documents include the application, the contract, the reminder notice, and the correspondence between Paul Gleiberman and Hartford.

The Gleibermans argue that the District Court deviated from the proper standard in deciding the motion to dismiss.  They argue that, because the complaint provided fair notice of the claims being asserted against Hartford, the District Court should have denied the motion to dismiss and permitted discovery to go forward.  They do not point to a specific error, however, and we find none.

Even accepting everything stated in the complaint and incorporated documents as true the Gleibermans have failed to state a claim upon which relief can be granted.  The contract disclosed to Mr. Gleiberman that the Annuity Commencement Date would be July 4, 2002, but that Mr. Gleiberman could change that date if he desired.  It also informed him of the four payout options and, if he had not yet selected one of the four methods of payment listed in the contract by the Annuity Commencement Date, the second option would be the default selection.  The contract disclosed that it was governed by IRS rules, which limited the guaranteed period of any annuity to the life expectancy of the Annuitant at the time of the Annuity Commencement Date.  Finally, the contract

informed Mr. Gleiberman of his right to cancel the contract within ten days. All of these provisions were laid out in clear, unambiguous language.

As of July 4, 2004, Mr. Gleiberman had not changed the Annuity Commencement date or selected a payout option. Hartford began making payments under the second option, as was spelled out in the contract. The District Court assumed, as it was required, that all of these facts were true. Nevertheless, it found that the Gleibermans had failed to state a claim.

The Gleibermans have asserted that the contract was a contract of adhesion. As the District Court found, however, there is nothing inherently inequitable or unfair in the contract. Mr. Gleiberman had an opportunity to cancel the contract if he did not like the terms; he did not do so, indicating an intent to be bound by the contract. In addition, the Gleibermans argue that the contract was unfair because the default selection provision was not adequately disclosed, and that Hartford's practice of sending a courtesy reminder notice regarding the selection provisions was unreasonable and inadequate. The default provisions are clearly stated on page 14 of the contract, however. Insurance purchasers are obligated to read their policies, and are bound by the clear terms in those policies. Edwards v. Prudential Prop. & Cas. Co., 357 N.J. Super. 196, 204-05 (App. Div. 2003) *certif. denied*, 176 N.J. 278 (2003). Insurance providers are under no obligation to point out provisions or to explain clear and unambiguous provisions within the policy. Id. In addition, the contract does not require that Hartford send any reminder notice regarding

the Annuity Date. As there is nothing inherently unfair or inequitable in the contract, it is valid and enforceable.

The Gleibermans argue that Hartford is legally required to provide a reminder notice of some kind, but cite no authority for this proposition. In the alternative, they argue that Hartford should follow the notice provisions of N.J. Stat. Ann. § 17:29C-1.2. This provision provides that "[e]very insurer shall permit its senior citizen insureds to designate a third party to whom the insurer shall transmit a copy of notices of cancellation, nonrenewal and conditional renewal." N.J. Stat. Ann. § 17.29C-1.2. The section defines senior citizen as an individual who is at least 62 years old. N.J. Stat. Ann. § 17.29C-1.1. The section further spells out that the notice must be sent via certified mail with a return receipt requested, and that the envelope must be clearly marked "Important Insurance Policy Information: Open Immediately." N.J. Stat. Ann. § 17.29C-1.2.

As the Gleibermans concede, this statute does not provide a private right of action. As such, the District Court correctly dismissed the statutory claim. Further, the statute is inapplicable to this case. The reminder notice was not a notice of cancellation, nonrenewal, or conditional renewal; it was a reminder that the Annuity Commencement Date was approaching. At all times, Hartford acting in accordance with the clear terms of the contract. Hartford was not required to follow the provisions of § 17.29C-1.2, and the Gleibermans point to no other authority that either requires Hartford to send a reminder notice at all, or to send such notice in a specific manner.

As the contract is valid and enforceable, the District Court correctly dismissed the claims for unjust enrichment and restitution. Claims for unjust enrichment and the corresponding remedy, restitution, are only supportable when the parties' rights are not governed by a valid, enforceable contract. Suburban Transfer Service, Inc. v. Beech Holdings, Inc., 716 F.2d 220, 226-27 (3d Cir. 1983). Likewise, the District Court properly dismissed the claim for breach of the covenant of good faith and fair dealing, as Hartford acted in accordance with the terms of the contract at all times. See Rudbart v. North Jersey Dist. Water Supply Comm'n, 127 N.J. 344, 365-66 ( 1992) (the principle of fair dealing will not alter the written terms of a contract). Finally, the contract clearly stated the Annuity Commencement Date, the payout options, the default payout option, and the fact that all of the options were governed by IRS law, which required that any payment certain period of the annuity be limited to the annuitant's life expectancy at the beginning of the annuity period. Hartford was under no obligation to point out these provisions, and at all times, Hartford acted under the clear terms of the contract. Even assuming that Hartford owed Mr. Gleiberman a fiduciary duty, Hartford did not breach that duty.

Finally, the Gleibermans argue that the District Court erred in granting Hartford's motion to dismiss before deciding the issue of class certification. We review decisions regarding class certification for abuse of discretion. Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1169-70 (3d Cir. 1987). The District Court did not abuse its discretion in

determining that the named plaintiffs had failed to state a claim upon which relief could be granted prior to deciding the issue of class certification. See Searles v. Southeastern Pa. Transp. Auth., 990 F.2d 789, 790 n.1 & 794 (3d Cir. 1993) (affirming grant of motion to dismiss for failure to state a claim and noting that "[t]he district court did not rule on the class certification because it ultimately concluded that plaintiff failed to state a claim."); Zimmerman, 834 F.2d at 1169-70 (finding no error in district court's refusal to consider class certification before determining whether the named plaintiff had a cause of action).

## Conclusion

For the reasons discussed above, the judgment of the District Court will be affirmed.

_____