**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0914-19T1

BRUCE AMPOLSKY,

    Plaintiff-Appellant,

v.

IRA J. ZOHN, DMD, and
ADVANCED ENDODONIC
ASSOCIATES, PA,

    Defendants-Respondents.

_____

Argued October 26, 2020 – Decided November 13, 2020

Before Judges Fasciale and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3963-18.

Ara R. Avrigian argued the cause for appellant (Saltz Mongeluzzi Barrett & Bendesky, P.C., attorneys; Robert J. Mongeluzzi, Ara R. Avrigian, and K. Andrew Heinold, on the briefs).

Andrew Gimigliano argued the cause for respondents (O'Toole Scrivo, LLC, attorneys; James DiGiulio and Andrew Gimigliano, of counsel and on the brief).

PER CURIAM

Plaintiff appeals from two orders entered by different judges who rendered oral decisions dismissing his pleadings against an endodontist, Ira J. Zohn, DMD (Zohn) and a dental office, Advanced Endodontic Associates (AEA) (collectively defendants): a July 10, 2019 order granting defendants' motion to dismiss his second-amended complaint without prejudice under Rule 4:6-2(e) and the doctrine of judicial estoppel; and a September 16, 2019 order dismissing his third-amended complaint under Rule 4:6-2(e) with prejudice. The doctrine of judicial estoppel does not apply, and plaintiff pled sufficient facts to survive Rule 4:6-2(e). We therefore reverse.

In November 2018, plaintiff filed his complaint against defendants alleging negligence, assault, and battery. The complaint alleges that from 2013 to 2017, Zohn, while working as an employee of AEA, provided nitrous oxide to plaintiff in regular intervals beyond what was medically necessary for any dental treatment, or for no medical purpose whatsoever. He then filed his first-amended complaint adding employees of AEA as additional parties.

Defendants responded to plaintiff's first amended complaint by filing a motion under Rule 4:6-2(e). A judge granted defendants' motion to dismiss

without prejudice. Plaintiff subsequently filed his second-amended complaint, and eventually a third-amended complaint.

In his second-amended complaint, plaintiff made new allegations. Of course, on a Rule 4:6-2(e) motion, we must give plaintiff the benefit of all reasonable factual inferences when evaluating whether he pleaded sufficient facts to state a cause of action. Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). With that in mind, plaintiff alleged that from 2007 to 2009 plaintiff received dental care from defendants, and from 2013 to 2017 a doctor-patient relationship continued, with plaintiff receiving further treatment from defendants. Plaintiff alleged that during his visits to AEA from 2013 to 2017, Zohn and other AEA employees—essentially deviating from accepted standards of care—administered nitrous oxide to him "far in excess of any amounts necessary for the dental treatments they provided." Plaintiff alleged that defendants' conduct proximately caused his addiction to nitrous oxide, and that defendants "knew or should have known that providing and/or administering nitrous oxide for purposes other than for assistance in dental procedures violated their duties and obligations." Plaintiff then received medical treatment related to his pain and suffering.

Defendants responded to plaintiff's second-amended complaint by filing a motion to dismiss under Rule 4:6-2(e). The judge granted defendants' motion dismissing the second-amended complaint without prejudice, and judicially estopped plaintiff from bringing a medical negligence claim against defendants. The judge found that no doctor-patient relationship existed, and "just because there was a relationship or an alleged [doctor-patient] relationship between 2007 and 2009, that does not mean that there was a relationship in 2013 to 2017." Even if a doctor-patient relationship existed, the judge concluded that "the complaint and prior arguments by counsel show that receiving nitrous oxide in this case was not for treatment."

Plaintiff then filed his third-amended complaint, which prompted another Rule 4:6-2(e) motion. In granting that motion, the judge noted that while plaintiff was judicially estopped from pleading a medical negligence claim, it appeared that plaintiff was attempting to "hold [Zohn] to a higher standard of care than a reasonably prudent person because of [his] education and/or background." He also explained that it would be difficult for "anyone [to] be able to determine what interaction, circumstance, or series of events creates a foreseeable risk of harm" in this scenario between plaintiff and defendants.

On appeal, plaintiff raises the following points for this court's

consideration:

POINT I

THE [JUDGES] IMPROPERLY APPLIED THE
JUDICIAL ESTOPPEL DOCTRINE AS THE NEW
JERSEY PLEADING RULES ALLOW A PLAINTIFF
TO PLEAD INCONSISTENCIES AND IN THE
INSTANT MATTER . . . PLAINTIFF PLED FACTS
ESTABLISHING A PATIENT-DENTIST
RELATIONSHIP SINCE THE INITIAL
COMPLAINT[.]

POINT II

PLAINTIFF ALLEGED A VIABLE CLAIM FOR
MEDICAL NEGLIGENCE AGAINST . . . ZOHN,
[AEA] AND THEIR EMPLOYEES[.]

POINT III

ASSUMING ARGUENDO THAT NO PATIENT-
DENTIST RELATIONSHIP EXISTS, . . . ZOHN
STILL HAS A DUTY TO . . . PLAINTIFF AS THOSE
IN POSSESSION, RESPONSIBLE AND
ADMINISTERING THE NITROUS OXIDE[.]

I.

We begin by addressing plaintiff's first contention that the judges abused their discretion by erroneously applying the judicial estoppel doctrine to dismiss his medical negligence claim. Plaintiff argues that judicial estoppel does not preclude pleading facts in the alternative as it only applies to a party that successfully asserted a position in a prior proceeding. We conclude that the

A-0914-19T1

5

judges abused their discretion by applying judicial estoppel. See In re Declaratory Judgment Actions Filed by Various Municipalities, Cty. Of Ocean, 446 N.J. Super. 259, 291 (App. Div. 2016) (stating that we review a trial court's decision to invoke judicial estoppel "using an abuse of discretion standard").

"The judicial estoppel doctrine is an extraordinary remedy which should be invoked only 'when a party's inconsistent behavior will otherwise result in a miscarriage of justice.'" Hanisko v. Billy Casper Gold Management, Inc., 437 N.J. Super. 349, 356 (App. Div. 2014) (internal citation and quotation marks omitted) (quoting Kimball Intern. Inc. v. Northfield Metal Prods., 334 N.J. Super. 596, 606 (App. Div. 2000)). "When a party successfully asserts a position in a prior legal proceeding, that party cannot assert a contrary position in subsequent litigation out of the same events." Kress v. La Villa, 335 N.J. Super. 400, 412 (App. Div. 2000).—"[T]o be estopped [a party must] have convinced the court to accept its position in the earlier litigation. A party is not bound to a position it unsuccessfully maintained[.]" Kimball, 334 N.J. Super. at 606-07 (quoting In re Cassidy, 892 F.2d 637, 641 (7th Cir. 1990)).

Here, there is no prior or subsequent litigation. Rather, it is one case involving several dismissals without prejudice, subject to the re-filing of pleadings. Because plaintiff did not successfully assert a position in a prior

litigation and proceed to assert a contrary position in a subsequent litigation—as is required for the judge to apply judicial estoppel—the doctrine is wholly inapplicable.

## II.

Applying a de novo review, we agree with plaintiff's second contention that he sufficiently pled a medical negligence claim against defendants. See Wrenden v. Township of Lafayette, 436 N.J. Super. 117, 124 (App. Div. 2014).

"The court's review 'is limited to examining the legal sufficiency of the facts alleged on the face of the complaint[,]' and, in determining whether dismissal under Rule 4:6-2(e) is warranted, the court should not concern itself with plaintiff's ability to prove their allegations." Id. at 124-25 (alteration and emphasis in original) (quoting Printing Mart-Morristown, 116 N.J. at 746). The court "must assume the truthfulness of the allegations contained in plaintiff['s] complaint[], giving plaintiff[] the benefit of all reasonable factual inferences that those allegations support." Edwards v. Prudential Prop. & Cas. Co., 357 N.J. Super. 196, 202 (App. Div. 2003). A plaintiff must plead "facts and . . . some detail of the cause of action[,]" something more than conclusory allegations to support their complaint. Printing Mart-Morristown, 116 N.J. at 768. "The examination of a complaint's allegations of fact required by the

aforestated principles should be one that is at once painstaking and undertaken with a generous and hospitable approach." Id. at 746. A motion to dismiss under Rule 4:6-2(e) should be "approach[ed] with great caution" and should only be granted in "the rarest of instances." Id. at 771-72.

A negligence cause of action requires that a plaintiff establish four elements: "(1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." Jersey Cent. Power & Light Co. v. Melcar Utility Co., 212 N.J. 576, 594 (2013). A medical negligence cause of action must establish "the applicable standard of care owed by a physician to a patient, a deviation from that standard of care, and that the deviation proximately caused the injuries[.]" Verdicchio v. Ricca, 179 N.J. 1, 23 (2004) (internal citations omitted). A medical negligence claim must be "based on the improper performance of a professional service that deviated from the acceptable standard of care." Zuidema v. Pedicano, 373 N.J. Super. 135, 145 (App. Div. 2004).

In the present case, defendants rely substantially on Zuidema, where the court held that a doctor's sexual assault of his patient did not fall within a medical negligence claim because it was "neither related to nor necessary for any actual medical services [the defendant] may have rendered." Id. at 145. The defendant's conduct was "independent of any professional services [the

defendant] rendered and unnecessary to it." Id. at 146. The court explained that "[a] doctor's duty to refrain from . . . intentional act[s], does not generally give rise to a medical malpractice action." Ibid.

Here, plaintiff alleged he received treatment from defendants, and that defendants "were charged with the professional responsibility of rendering proper medical care and treatment to [p]laintiff[.]" Plaintiff pleaded that defendants breached that care by administering nitrous oxide "far in excess of any amounts necessary for the dental treatment they provided." Plaintiff's pleading that the defendants "administer[ed] nitrous oxide for purposes other than for assistance in dental procedures" does not preclude the possibility that defendants administered nitrous oxide both when it was for the purpose of assistance in dental procedures and when it was not. Given these factual inferences, Zuidema is inapplicable because the actions here allegedly involved medical treatment and were not "independent of any professional services [the defendant] rendered and unnecessary to [them]." Id. at 146. Finally, plaintiff pled that he suffered damages as a result of the maladministration of nitrous oxide during treatments. These pleadings, when making all factual inferences in favor of the plaintiff, establish a claim upon which relief may be granted.

Because we conclude the judges abused their discretion by applying the judicial estoppel doctrine and plaintiff sufficiently pleaded a medical negligence claim, we need not reach plaintiff's third argument.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION