**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3393-19

MARCO ROVELO,

    Plaintiff-Appellant,

v.

TOWNSHIP OF NORTH BERGEN
and ROBERT DOWD,

    Defendants-Respondents.

_____

Argued July 13, 2021 – Decided August 3, 2021

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3562-19.

Patrick P. Toscano, Jr. argued the cause for appellant (The Toscano Law Firm, attorneys; Patrick P. Toscano, Jr., on the briefs).

Drew D. Krause argued the cause for respondent Township of North Bergen (Chasan Lamparello Mallon & Cappuzzo, PC, attorneys; Drew D. Krause, of counsel and on the brief).

Michele L. DeLuca argued the cause for respondent Robert Dowd (Potters & Della Pietra, LLP, attorneys; Gary Potters and Michele L. DeLuca, on the brief).

PER CURIAM

Plaintiff Marco Rovelo, a lieutenant with the North Bergen Police Department (NBPD), appeals from the Law Division order dismissing plaintiff's complaint against defendants Township of North Bergen (North Bergen) and NBPD Police Chief Robert Dowd for failure to state a claim, pursuant to Rule 4:6-2(e). We reverse and remand.

I.

Plaintiff claims defendants violated his constitutional and civil rights by failing to promote him to the rank of captain. The NBPD hired plaintiff in 2000, after the NAACP sued North Bergen for failing to hire minority police officers. In May 2016, plaintiff, a lieutenant at the time, took the New Jersey Civil Service promotional examination. Plaintiff claims his results on the examination earned him the top spot on the NBPD's promotional list. Defendants dispute this claim, asserting plaintiff was always ranked as second in line for promotion.

In February 2018, plaintiff's handling of an attempted murder investigation led to an Internal Affairs investigation into his conduct. After

2

finding plaintiff committed violations of NBPD guidelines and the New Jersey Civil Service Rules and Regulations, Internal Affairs brought seven administrative charges against plaintiff.

To resolve these disciplinary issues, plaintiff entered into a settlement agreement, in lieu of a departmental hearing, the terms of which were memorialized in a Release and Settlement Agreement (the Settlement Agreement) on August 22, 2018. As part of the Settlement Agreement, plaintiff acknowledged that he was guilty of the charges set forth in the Final Notice of Disciplinary Action, voluntarily relinquished his right to a departmental hearing, and received a fifteen-day suspension. The Settlement Agreement also contained a "complete release" whereby plaintiff gave up any and all claims and rights that he "has or may have" against North Bergen, or any of its "officials, officers, representatives or employees."

After executing the Settlement Agreement, plaintiff expected to receive a promotion to the rank of captain. He believed there was a captain position vacant, and he was first in line for promotion. Defendants disagree and contend that no vacant captain position existed at the time. This dispute arose because a captain in the NBPD faced termination due to an ongoing disciplinary action, which was delayed due to a lengthy discovery process and the captain's change

in counsel. Ultimately, the charges against the captain were not sustained and the captain was not terminated. Plaintiff alleges Chief Dowd knowingly manipulated the process to enable the captain, allegedly a close friend of Chief Dowd, to retire instead of being terminated. By the time of the captain's retirement, plaintiff's promotional eligibility had expired.

After his eligibility expired, plaintiff voluntarily opted not to take the next promotional examination. Plaintiff claims shortly after his eligibility period expired, Chief Dowd made it known that he planned on promoting four lieutenants and adding new positions. Furthermore, plaintiff alleges that Chief Dowd "made it widely known within the NBPD" that he disliked plaintiff. Plaintiff also asserts Chief Dowd runs the NBPD in a "quasi-tyrannical fashion" and abuses the Internal Affairs and promotional processes to render preferential treatment to select officers. Moreover, plaintiff claims North Bergen has permitted and promoted Chief Dowd's illegal activities for years, while "allowing vacancies to illogically remain unfilled."

On June 7, 2019, plaintiff filed a complaint against defendants, asserting his civil rights were violated when he was not promoted to captain. After defendants moved to dismiss the complaint for failure to state a claim, pursuant

4

to Rule 4:6-2(e), plaintiff voluntarily dismissed his complaint on September 13, 2019.

On September 17, 2019, plaintiff filed a new complaint against defendants, alleging violations under the New Jersey Civil Rights Act (NJCRA) and the New Jersey constitution. Again, defendants moved to dismiss the complaint for failure to state a claim, pursuant to Rule 4:6-2(e).

In April 2020, the motion judge granted defendant's motion, concluding that plaintiff "failed to state a claim for which relief can be granted." Additionally, the court dismissed plaintiff's complaint with prejudice, determining that plaintiff's complaint "cannot be remedied by amendment."

On appeal, plaintiff argues the trial court improperly dismissed his complaint with prejudice without allowing him the opportunity to cure any deficiencies through amendment. We agree.

II.

Rule 4:6-2(e) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted[.]" This rule tests "the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 746 (1989). On a motion to dismiss, a plaintiff need not prove the case, but need only "'make allegations

which, if proven, would constitute a valid cause of action.'" Kieffer v. High Point Ins. Co., 422 N.J. Super. 38, 43 (App. Div. 2011) (quoting Leon v. Rite Aid Corp., 340 N.J. Super. 462, 472 (App. Div. 2001)). On such a motion, plaintiff is entitled to "every reasonable inference of fact." Printing Mart, 116 N.J. at 746 (citing Indep. Dairy Workers Union v. Milk Drivers Local 680, 23 N.J. 85, 89 (1956)).

A reviewing court must "'search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Ibid. (quoting Di Cristofaro v. Laurel Grove Mem. Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). This review should be "at once painstaking and undertaken with a generous and hospitable approach." Ibid. A motion to dismiss should only be granted in "'the rarest of instances.'" Kieffer, 422 N.J. Super. at 43 (quoting Printing Mart, 116 N.J. at 771-72). Only where "'even a generous reading of the allegations does not reveal a legal basis for recovery'" should the motion be granted. Ibid. (quoting Edwards v. Prudential Prop. & Cas. Co., 357 N.J. Super. 196, 202 (App. Div. 2003)).

Plaintiff's complaint alleged civil rights and constitutional violations. To survive a motion to dismiss, plaintiff's complaint must contain allegations

6

which, if proven, would constitute a valid civil rights or constitutional cause of action. See Kieffer, 422 N.J. Super. at 43.

As the motion judge recognized, a plaintiff alleging NJCRA violations "must prove that (1) 'the Constitution or laws of this State' conferred on them a substantive right; (2) the [public official] deprived them of that right; and (3) the [public official] was acting 'under the color of the law' when he did so." Tumpson v. Farina, 218 N.J. 450, 473 (2014).

Here, the motion court determined that plaintiff failed to state a claim upon which relief can be granted; in addition, the court dismissed plaintiff's complaint with prejudice, concluding the complaint "cannot be remedied by amendment." While we find no basis to disturb the court's determination that plaintiff's complaint failed to state a claim upon which relief can be granted, we disagree with the decision to dismiss with prejudice. Based upon our review, the motion court did not "search the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned" from the factual allegations in plaintiff's complaint. Printing Mart, 116 N.J. at 746.

As previously noted, motions to dismiss "should be granted only in rare instances and ordinarily without prejudice." Smith v. SBC Communications, Inc., 178 N.J. 265, 282 (2004). This case does not present the rare instance

7

warranting a dismissal with prejudice. The motion court's opinion failed to convince us that plaintiff's complaint cannot potentially be remedied by amendment. Plaintiff should have the opportunity to attempt to cure the deficiencies in his complaint. Rather than dismissing plaintiff's complaint with prejudice, the court should have granted plaintiff leave to amend his pleading. Accordingly, we vacate the dismissal of plaintiff's complaint, and remand to permit plaintiff the opportunity to amend his pleading.

Any arguments not specifically addressed lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3393-19