**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3551-22

ARELIS GUTIERREZ,

     Plaintiff-Appellant,

v.

AMERICAN BANKERS
INSURANCE COMPANY
OF FLORIDA,

     Defendant-Respondent.

_____

Argued June 18, 2024 – Decided July 17, 2024

Before Judges Currier and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-0724-23.

Charles D. Hellman argued the cause for appellant (Guarino & Co. Law Firm, LLC, attorneys; Philip L. Guarino, on the briefs).

Erika M. Lopes-McLeman argued the cause for respondent (Dentons US LLP, attorneys; John R. Vales, Erika M. Lopes-McLeman, and James P. McGann, on the brief).

PER CURIAM

Plaintiff appeals from the June 23, 2023 order granting defendant's motion to dismiss her complaint for failure to state a claim pursuant to Rule 4:6-2(e). Defendant denied plaintiff coverage under a property insurance policy. The complaint alleged breach of contract and other claims. The trial court found plaintiff did not file the action within the two-year statute of limitations as required under the insurance policy. We affirm.

In 2019, defendant[1] issued plaintiff a renter's insurance policy for a residential property in Glassboro, New Jersey. Defendant submitted two letters it sent plaintiff enclosing the policy. The policy was effective October 30, 2019, and provided coverage for personal property and loss of use of the property for one year. Under "SECTION I-CONDITIONS," the policy specified that:

> 8. Action Against Us. No action shall apply against us unless:
>
> > a. There has been full compliance with all the terms of this policy; and
> >
> > b. The action is brought within one year from the date when you discover the loss.
>
> [(boldface omitted).]

---

[1] Assurant, a partner of GEICO, provided the insurance coverage. Defendant was the underwriter of the policy.

However, the policy included a document titled "MANDATORY AMENDATORY ENDORSEMENT—NEW JERSEY," that amended the SECTION I statute of limitations, expanding the time to bring an action to two years. (boldface omitted). The policy also included an arbitration provision that required all claims and disputes be resolved in binding arbitration.

Plaintiff alleged the property was destroyed in a fire on January 17, 2020. She filed a claim on January 21, 2020. On May 8, 2020, defendant denied plaintiff's claim, stating its investigation revealed plaintiff was not a resident of the property and therefore she was not displaced due to the fire, the fifteen individuals listed as residents of the property and identified by plaintiff as employees for the business she owns were not listed on the policy as insureds, plaintiff's name was not listed on multiple hotel invoices submitted for reimbursement for displacement, and one of the hotel receipts stated "no show."

Defendant denied coverage under paragraph 2 of "SECTION I AND II-CONDITIONS" of the insurance policy, titled "Concealment or Fraud." (boldface omitted). The provision stated defendant would not provide coverage for a loss if the insured "[i]ntentionally concealed or misrepresented any material fact or circumstance," acted fraudulently, or made false statements relating to the insurance.

A-3551-22

Plaintiff filed a complaint against defendant on February 7, 2023, alleging breach of contract. Defendant moved to dismiss the complaint as untimely since it was filed after the expiration of the limitations period under the policy.

Plaintiff subsequently filed an amended complaint stating: she did not waive the six-year statute of limitations and there was no mutual assent to shorten the statute of limitations; she did not timely receive her insurance policy from defendant, and even if she had, the clause shortening the statute of limitations was inconspicuous in the policy; the shortened statute of limitations only applied to a lawsuit and not arbitration; the arbitration policy did not inform plaintiff of the shortened statute of limitations for arbitration; and the clause shortening the statute of limitations was unenforceable because defendant breached the insurance policy and was estopped under promissory and equitable estoppel from enforcing the clause. Plaintiff also filed a certification in response to the dismissal motion, reiterating her allegations in the amended complaint.

Following oral argument, the court issued an order and written statement of reasons on June 23, 2023, granting defendant's motion and dismissing the complaint. In a well-reasoned opinion, the court cited precedent permitting the shortening of a statute of limitations in an insurance policy and concluded that since plaintiff's complaint was filed almost three years after her claim was

4

denied, it was untimely under the two-year contractual statute of limitation. The court rejected plaintiff's argument that the policy should have emphasized the shortened limitations period, stating "[t]o emphasize every clause in a contract would be to emphasize nothing."

The court also addressed plaintiff's argument that the clause was "buried" in the policy, stating the language was "abundantly clear and unmistakable, and is under no misleading headings." The court referenced the specific subheading titled "Action Against Us."

The court found plaintiff had not met the requirements of promissory or equitable estoppel and any amendment would be futile since it could not change the fact that plaintiff did not file a claim within the contractual limitations period. The court did not address plaintiff's arguments regarding the arbitration clause because plaintiff did not file an arbitration demand.

On appeal, plaintiff reiterates her arguments presented to the trial court and contends the court erred in enforcing the policy's statute of limitations clause. We are not persuaded.

A trial court's decision on a Rule 4:6-2(e) motion to dismiss for failure to state a claim upon which relief can be granted is reviewed de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). When deciding a Rule 4:6-

2(e) motion, courts are instructed to "examine[] 'the legal sufficiency of the facts alleged on the face of the complaint.'" Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). They must also give the plaintiff "every reasonable inference of fact." Ibid. (quoting Printing Mart-Morristown, 116 N.J. at 746). "The test for determining the adequacy of a pleading is whether a cause of action is suggested by the facts." Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988).

As she did before the trial court, plaintiff relies on principles espoused in Atalese[2] and its progeny of cases regarding the mutual assent required for a waiver of a constitutional right (right to a jury trial), the necessity for clear and understandable language, and the prominent positioning of an important provision such as a limitations clause that "materially alter[s] or abolish[es]" a consumer's rights. However, plaintiff did not file a demand for arbitration.

The issue presented is not the enforceability of an arbitration clause. The question is whether the insurer could shorten a statutory limitations period for the filing of an action against it, and whether plaintiff was apprised of that amendment. The answer is yes.

---

[2] Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 442-45 (2014).

A-3551-22

We previously considered this issue in Azze v. Hanover Insurance Co., 336 N.J. Super. 630, 636 (App. Div. 2001). We noted that, under New Jersey law, there is a six-year statute of limitations for claims brought pursuant to an insurance contract. Ibid. (citing, among others N.J.S.A. 2A:14-1(2022)). "However, that period may be shortened by the terms of an insurance contract." Ibid.

Plaintiff was apprised of the two-year statute of limitations in the policy issued in October 2019. An insured is "expected to read their policies and 'the law may fairly impose upon [them] such restrictions, conditions[,] and limitations as the average insured would ascertain from such reading.'" Sears Mortg. Corp. v. Rose, 134 N.J. 326, 348 (1993) (first alteration in original) (quoting Bauman v. Royal Indem. Co., 36 N.J. 12, 25 (1961)). Therefore, because of that expectation, the law does not impose an obligation on an insurer to inform the insured of the details in the policy. Edwards v. Prudential Prop. & Cas. Co., 357 N.J. Super. 196, 204 (App. Div. 2003).

Although plaintiff contends she did not receive a copy of the policy, there is no evidence she requested the insurer provide it to her. Without an affirmative request, plaintiff cannot rely on her self-serving assertion to support an equitable estoppel claim. See Fredericks v. Farmers Reliance Ins. Co. of N.J., 80 N.J.

Super. 599, 602-03 (App. Div. 1963) (holding an insurer should not be allowed to enforce a statute of limitations clause in an insurance policy when the insurer refused to provide the policyholder with the policy even after the policyholder requested it). Moreover, plaintiff filed a claim with defendant four days after the fire, evidencing knowledge of the insurer and existence of the policy and the opportunity to request a copy of the policy.

An insurance policy is a contract and therefore is subject to common law principles of contract law. Cypress Point Condo. Ass'n v. Adria Towers, L.L.C., 226 N.J. 403, 415 (2016); Webb by Webb v. Witt, 379 N.J. Super. 18, 33 (App. Div. 2005) ("We begin our analysis with the fundamental principle that an insurance policy is a contract, and like other contracts, the terms of the policy define the parties' rights and obligations."). Consequently, plaintiff's arguments regarding the policy's compliance with Atalese principles are not particularly relevant as the issue does not concern an arbitration clause. Nevertheless, we are satisfied the provision at issue here was "written in a simple, clear, understandable and easily readable way" as required by N.J.S.A. 56:12-2 of the Plain Language Act, N.J.S.A. 56:12-1 to -13.

The original provision was in a section titled "SECTION I-CONDITIONS" under a numbered paragraph that, in boldface print, was labeled

"Action Against Us." (boldface omitted). The paragraph contained understandable sentences and succinctly expressed that no action against defendant would be effective unless the terms of the policy were complied with and "[t]he action is brought within one year from the date when [the insured] discover[ed] the loss."

The effective paragraph altering the time to bring an action was placed earlier in the policy, in a document titled, in boldface, and all capital letters "MANDATORY AMENDATORY ENDORSEMENT—NEW JERSEY" with text immediately below it, also in boldface and all capital letters, which read "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." (boldface omitted). Underneath it was a sentence explaining paragraph eight was "deleted and replaced by the following." (boldface omitted). Below that was the new paragraph 8, as discussed above, changing the time limitation to bring a suit from one year to two years.

Because we conclude the complaint was untimely and barred under the plain language of the policy, we need not address plaintiff's remaining arguments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office

CLERK OF THE APPELLATE DIVISION

9