**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3612-19

KEVIN DIPIANO,

     Plaintiff-Appellant,

v.

CURTIS POINT PROPERTY
OWNERS ASSOCIATION,
JOSEPH DEVITO, FRED
FARKOUH, KENNETH MACK,
RONALD IVANICKI, DR.
JOSEPH V. DETROLIO,[1]
WILLIAM COTTONGIM,
BOB DRUSKIN, KEVIN
DUNPHY, VINCE PERRI,
ENGNJSHORE, LLC, MICHAEL
MAFFATTONE, SANDY
MAFFATTONE, PAULINE
COSTELLO TRUST, C/O
STACY POLANSKYJ,
CHRISTOPHER J. MCCARTHY,
ERNEST J. MUIR, JOAN M.
MUIR, PHYLLIS W. TOZZI,
GARY TRABKA, LOUISE
TRABKA, TODD A.
CARNEVALE, ROBERT A.

---

[1] Both "DeTrolio" and "DiTrolio" appear in the record. We use "DeTrolio" for consistency.

ESTI, VALERIE A. ESTI,
MANUEL J. LOPES,
WILLIAM HEINZERLING,
ROSEMARY HEINZERLING,
MATTHEW SMITH, ROSEMARIE
RICCIARDELLI, THOMAS
GRAZIANO, BONNIE GRAZIANO,
DAVID R. REIM, JENNIFER REIM,
FRANK M. PISANI and
CYNTHIA PISANI,

     Defendants-Respondents.

_____

Argued September 1, 2021 - Decided   September 14, 2021

Before Judges Geiger and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2415-19.

Michael F. Bevacqua Jr. argued the cause for appellant (Mandelbaum Salsburg PC, attorneys; Stuart J. Lieberman and C. Michael Gan, on the briefs).

Ellen M. Boyle argued the cause for respondents Curtis Point Property Owners Association, Fred Farkouh, Kevin Dunphy, William Cottongim, Joseph Devito, Dr. Joseph V. DeTrolio, Bob Druskin, Vince Perri, Kenneth Mack and Ronald Ivanicki (Kirmser, Lamastra, Cunningham & Skinner, attorneys; Ellen M. Boyle, of counsel and on the brief).

Jerry J. Dasti argued the cause for respondents Engnjshore, LLC, Pauline Costello Trust, C/O Stacy Polanskyj, Christopher McCarthy, Phyllis Tozzi, Louise Trabka, Gary Trabka, Thomas Graziano, Bonnie Graziano, Frank Pisani and Cynthia Pisani, Michael

and Sandy Maffattone, and Rosemarie Riccardelli (Dasti, Murphy, McGuckin, Ulaky, Koutsouris & Connors, attorneys; Jerry J. Dasti, of counsel; Patrick F. Varga, on the brief).

Eric S. Schlesinger argued the cause for respondents Todd A. Carnevale, Manuel J. Lopes, David R. Reim, Jennifer Reim, Ernest J. Muir, and Joan M. Muir (Golden, Rothschild, Spagnola, Lundell, Boylan, Garubo & Bell, PC, attorneys; Eric S. Schlesinger, on the brief).

Barbara J. Davis argued the cause for respondents Robert A. Esti and Valerie A. Esti (Marhsall Dennehey, attorneys; Barbara J. Davis, on the brief).

Stephen Trzcinski argued the cause for respondents Matthew Smith, William Heinzerling, and Rosemary Heinzerling (Bennett, Bricklin & Saltzburg LLC, attorneys; Michael Dolich and Jason Farina, on the brief).

PER CURIAM

Plaintiff Kevin DiPiano appeals from a February 24, 2020 order granting defendant William Heinzerling's motion to dismiss; a February 24, 2020 order granting summary judgment in favor of defendants Curtis Point Property Owner's Association (CPPOA), Fred Farkough, Kevin Dunphy, William Cottongim, Joseph DeVito, Dr. Joseph V. DeTrolio, Bob Druskin, Vince Perri, Kenneth Mack and Ronald Ivanicki; a February 24, 2020 order denying plaintiff's motion to amend his complaint; a February 25, 2020 order granting

defendant Matthew Smith's motion to dismiss; and an April 15, 2020 order denying plaintiff's motion for reconsideration. On appeal, plaintiff argues that the trial judge erred in applying the entire controversy doctrine (ECD) to bar his claims against defendants because the parties in the previous action were different, his claims did not ripen until after the litigation concluded, and, although the actions raised similar legal claims, they were premised on a different set of factual circumstances. Plaintiff also contends that the judge erred in dismissing his defamation claim. Having reviewed the record and considered the applicable law, we affirm substantially for the reasons set forth in Judge James Den Uyl's thoughtful and thorough written decision. We add only the following comments.

Curtis Point consists of over 140 homes, all of which are private residential properties. Almost all of the units have deed restrictions that require the units be single-family, detached, and not over two stories in height.[2] The CPPOA is a non-profit entity, governed by a Board of Trustees (Board), which is comprised of four officers and five other members. In 2003, plaintiff and his wife purchased real property located in Curtis Point and, accordingly, became

---

[2] Although the actual language of the deed restriction is not in the record, the parties seemingly do not dispute such language exists.

A-3612-19

members of the CPPOA. Plaintiff is also the owner and managing partner of Nicholas Holdings, LLC (Nicholas Holdings) which acquired property in Curtis Point in 2015.

In July 2017, pursuant to the CPPOA's rules and regulations, Nicholas Holdings submitted architectural and construction plans to the CPPOA's architect, John Burgdorfer. Burgdorfer reviewed Nicholas Holdings' plans and notified plaintiff that the construction package complied with the deed restrictions with the exception of the two-story height limit.

On March 1, 2018, Nicholas Holdings filed a complaint in the Chancery Division alleging breach of contract, breach of fiduciary duty, and breach of the covenant of good faith and fair dealing against the CPPOA. The complaint also alleged breach of contract and unjust enrichment against eighteen individual homeowners that were purportedly permitted to construct a third story.

Upon notice of the complaint, the CPPOA's insurance carrier, Chubb, retained counsel to defend the CPPOA. The individual homeowner defendants retained separate counsel because they were not covered under the Chubb insurance policy.

During the CPPOA's 2018 annual meeting, members discussed the suit against the CPPOA and the eighteen individual homeowners. The CPPOA

 A-3612-19

disclosed that it would pay for the legal defense of the homeowner defendants that certified that their homes were in compliance with the subject deed restriction.

On April 5, 2019, Judge Francis Hodgson granted summary judgment with prejudice in favor of the CPPOA and eleven of the homeowners. Two of the individual homeowners defaulted; the remaining defendants continued the suit. On June 12, 2019, Judge Hodgson denied Nicholas Holdings' motion for reconsideration of the April 5, 2019 order. Nicholas Holdings' motion for leave to appeal was denied on September 5, 2019.[3]

Meanwhile, in April 2019, the CPPOA sent out a notice of its 2019 annual meeting to all of the homeowners in Curtis Point. The notice stated:

> As you may recall from last year's Annual Meeting, the Curtis Point Property Owners Association and 18 individual residents were sued by Nicholas Holdings LLC (whose principal, Kevin DiPiano, is a Curtis Point resident), essentially because he desired to build a dwelling in excess of two stories in violation of our deed restrictions. The individual homeowners sued were alleged to have violated their respective deed restrictions.
>
> Further discussed at last year's Annual Meeting, the Board of Trustees, which is responsible for upholding the Association's obligation to review building plans

---

[3] Final disposition of the chancery action was achieved on or about August 19, 2020.

A-3612-19

for deed restriction compliance, defended the suit and those individual defendants who certified their homes complied with the deed restriction.

> We are pleased to inform you that, on April 5, 2019, on Motions for Summary Judgment, the Court dismissed the lawsuit against the Association and 11 of the individual defendants with prejudice. Two individuals defaulted and the remaining defendants continue in the suit. Regrettably, the lawsuit has resulted in significant costs to the Association, resulting in a substantial reduction of the Association's Membership Equity Fund.
>
> In addition, there are a number of beneficial projects the Board of Trustees believes are necessary to protect and add to Member amenities, notably a beach observation platform and landscaping work near the front entrance.
>
> The Board of Trustees is proposing a Special Assessment of $500 per resident member household in order to restore the Association Membership's Equity Fund to historic levels, as well as to provide Capital Funds critically needed for the common property projects. The Special Assessment will require approval by a majority of a quorum of the membership of the Association. The Board of Trustees unanimously recommends the Membership approve the Special Assessment.

On September 23, 2019, while the chancery action was pending, plaintiff filed a complaint in the Law Division against the CPPOA, its board members,

and seventeen[4] individual homeowners for breach of fiduciary duty, breach of loyalty, breach of duty of care, breach of covenants, breach of covenant of good faith and fair dealing, defamation, and accounting. Plaintiff alleged that the CPPOA violated its bylaws by paying for the legal defense of the individual homeowners and that the notice of the 2019 annual meeting falsely claimed that the Nicholas Holdings chancery action had resulted in significant costs to the association.

On November 8, 2019, the CPPOA and its board members moved for summary judgment. They argued that the ECD barred the claims relating to the unauthorized use of association funds given plaintiff's opportunity to raise the issue in the chancery action. They further argued that the notice was truthful and that the association members were protected by qualified immunity.

On November 14, 2019, defendant Matthew Smith filed a motion to dismiss. On November 19, 2019, defendant William Heinzerling filed a motion to dismiss. Each argued that, as individual homeowners, they owed no duty regarding the use of association funds, and therefore could not be held liable for the claims asserted in plaintiff's complaint.

---

[4] One of the individual homeowners named in the chancery division suit was not named in the law division suit.

On February 24, 2020, the motion judge issued three orders: (1) granting Heinzerling's motion to dismiss; (2) granting summary judgment to the CPPOA and its board members; and (3) denying plaintiff's request to amend his complaint to add claims of unjust enrichment. On February 25, 2020, the motion judge issued an order granting Smith's motion to dismiss. In his written decision, the judge found that:

> [p]laintiff fail[ed] to establish the elements necessary for defamation as a matter of law. The [Notice of 2019 Annual Meeting] reflects the procedural history of plaintiff's chancery action against the Association and individual residents in the community. That [p]laintiff "desired to build a dwelling in excess of two stories in violation of our deed restrictions" was based on the finding of the Association's architect, John Burgdorfer, who reviewed [p]laintiff's plans. It was found to be [a] violation by the Hon. Francis R. Hodgson, Jr., P.J. Ch. for the reasons explained in his amplification on August 9, 2019, before this [L]aw [D]ivision complaint was filed. There is no dispute that the association paid attorney's fees for the individual homeowner defendants who certified that their properties were in compliance with the deed restriction.

The judge also concluded that, "in any event, [d]efendants would be entitled to a conditional or qualified privilege because they, themselves, had an interest in the subject matter of the communication and distributed the newsletter to individuals who had a corresponding interest."

As to the remaining claims, the motion judge determined:

9

This action is brought in [the] [L]aw [D]ivision in the name of Kevin DiPiano, managing member of Nicholas Holdings, LLC, against parties to the chancery action[,] many of whom were granted summary judgment by Judge Hodgson. In the facts of Judge Hodgson's decision, this court has serious concerns [that] this complaint is an end run around the chancery court action or getting a second bite at the apple. Clearly gamesmanship. There is no valid reason presented why any of the other remaining claims and counts against all defendants in this lawsuit could not have been timely brought in the chancery action.

Plaintiff subsequently moved for reconsideration of the February 24 and 25, 2020 orders, R. 4:49-2, which was denied on April 15, 2020. The judge found that plaintiff failed to demonstrate that the previous decision was based on a palpably incorrect or irrational basis. In the same written decision, the judge also dismissed the claims against the remaining defendants for the reasons set forth in his previous decision. This appeal ensued.

On appeal, plaintiff raises the following issues for our consideration:

POINT I

THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTIONS TO DISMISS THE CLAIMS BASED ON THE ENTIRE CONTROVERSY DOCTRINE.

A. Plaintiff . . . and the Board and Officers of CPPOA were not a party to the Chancery Action.

B. Plaintiff's Claims Arose After the Chancery Action Concluded as to the Primary Defendant.

C. Plaintiff's Claims Arose From a Different Set of Factual Circumstances.

POINT II

THE TRIAL COURT ERRED IN GRANTING [CPOAA'S] MOTION TO DISMISS THE DEFAMATION CLAIM BECAUSE PLAINTIFF'S LAWSUIT DID NOT CAUSE THE ASSOCIATION TO INCUR COSTS.

A. Defendants Published [a] False, Defamatory Statement Against Plaintiff, Therefore[,] Plaintiff Has a Valid Defamation Claim Against Defendants.

B. Defendants' Statement Is Not Protected By Qualified Privilege.

POINT III

THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT.

We review "de novo the trial court's determination of the motion to dismiss under Rule 4:6-2(e)." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, P.C., 237 N.J. 91, 108 (2019) (citing Stop & Shop Supermarket Co., LLC v. Cnty. of Bergen, 450 N.J. Super. 286, 290 (App. Div. 2017)). On a motion to dismiss, a plaintiff need not prove the case, but need

11

only "make allegations which, if proven, would constitute a valid cause of action." Kieffer v. High Point Ins. Co., 422 N.J. Super. 38, 43 (App. Div. 2011) (quoting Leon v. Rite Aid Corp., 340 N.J. Super. 462, 472 (App. Div. 2001)). Only where "even a generous reading of the allegations does not reveal a legal basis for recovery" should the motion be granted. Ibid. (quoting Edwards v. Prudential Prop. & Cas. Co., 357 N.J. Super. 196, 202 (App. Div. 2003)).

Preliminarily, we agree with the judge's decision that plaintiff's complaint failed to state a claim for which relief can be granted against the individual homeowners. They had no control over the allocation of the CPPOA funds. Consequently, even the most generous reading of plaintiff's complaint reveals no basis for recovery. Ibid. Furthermore, during oral argument, plaintiff's counsel conceded that plaintiff had no valid claim against the individual homeowners.

We also conclude that the ECD precludes plaintiff's claims against the CPPOA and its Board members. The ECD assures "that all aspects of a legal dispute occur in a single lawsuit. The goals of the doctrine are to promote judicial efficiency, assure fairness to all parties with a material interest in an action, and encourage the conclusive determination of a legal controversy." Olds v. Donnelly, 150 N.J. 424, 431 (1997).

The doctrine reflects a "long-held preference that related claims and matters arising among related parties be adjudicated together rather than in separate, successive, fragmented, or piecemeal litigation." Kent Motor Cars, Inc. v. Reynolds & Reynolds Co., 207 N.J. 428, 443 (2011). As codified in Rule 4:30A, the ECD "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 605 (2015) (quoting Highland Lakes Country Club & Cmty. Ass'n v. Nicastro, 201 N.J. 123, 125 (2009)).

In this case, plaintiff was in direct privity with Nicholas Holdings, as its owner and managing partner. He had notice of the CPPOA's decision to use association funds to pay for the individual homeowners' legal defense as early as April 2019, while Nicholas Holdings' motion for reconsideration of the April 5, 2019 chancery order was pending. He had ample opportunity and every incentive to move to amend his complaint in the Chancery Division. He chose not to. The rational inference is that he believed he would fare better with a different judge. As Judge Den Uyl noted, "clearly gamesmanship." This is

13

precisely the type of piecemeal litigation the ECD seeks to preclude. Kent Motor Cars, Inc., 207 N.J. at 443.

The elements of a cause of action for defamation are: (1) defendant "made a false and defamatory statement concerning" plaintiff; (2) "the statement was communicated to another person (and not privileged);" and (3) defendant "acted negligently or with actual malice." G.D. v. Kenny, 205 N.J. 275, 292-93 (2011). "A defamatory statement is one that is false and 'injurious to the reputation of another' or exposes another person to 'hatred, contempt or ridicule' or subjects another person to 'a loss of the good will and confidence' in which he or she is held by others." Romaine v. Kallinger, 109 N.J. 282, 289 (1988) (quoting Leers v. Green, 24 N.J. 239, 251 (1957)). "The threshold issue in any defamation case is whether the statement at issue is reasonably susceptible of a defamatory meaning," which is a question of law "to be decided first by the court." Id. at 290. In determining the truth of a statement, courts will not focus on minor inaccuracies, but on whether its substance can be factually supported. See G.D., 205 N.J. at 306-07 (holding truth as a defense for a statement that a person went to jail for five years when in fact, he was sentenced to five years and served less).

Even under the most indulgent reading of plaintiff's complaint, we conclude, as the motion judge did, that there was no legal basis for recovery for his defamation claim. Because the statements in the notice of the 2019 annual meeting were accurate, and "truth is a defense to a defamation action," G.D., 205 N.J. at 304, that count was properly dismissed.[5]

To the extent not addressed, we conclude plaintiff's remaining arguments lack sufficient merit to warrant discussion in a written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] Regardless, the CPPOA and its Board members are entitled to a qualified privilege because the notice of the 2019 annual meeting was published only to Curtis Point homeowners, all of whom shared an interest in the subject matter of the communication. See Feggans v. Billington, 291 N.J. Super. 382, 392-93 (App. Div. 1996).