124 A.3d 725

SUSAN KAKSTYS, PLAINTIFF, v. DOUGLAS
E. STEVENS, DEFENDANT.

Superior Court of New Jersey
Chancery Division Ocean County

Decided February 24, 2015.

*Sarah Martynowski*, for plaintiff (*Law Offices of John A. Patti*, attorneys).

*Jonah B. Kimmelstiel*, for defendant.

L.R. JONES, J.S.C.

This case presents a significant legal issue regarding the effective date for the retroactive establishment of an initial child support obligation in a divorce proceeding. Specifically, the question is whether the court may retroactively set an obligor's child support obligation (a) only as of the filing date of an actual child support motion (pendente lite or otherwise), or (b) prior to the motion filing date, back to the filing date of the divorce complaint itself. The distinction can in many cases be very substantial, especially when there is a large time gap between the filing date of the divorce complaint and the filing date of a subsequent pendente lite motion for child support.

For the reasons set forth in this opinion, the court holds that when a party files a divorce complaint that contains an explicit, written request for child support from the other party, the court may at trial establish the other party's child support obligation retroactive to the filing date of the divorce complaint, less an equitable credit for any support actually paid following the effective date, even if a motion for child support was either never filed, or not filed until sometime after the filing of the complaint. Further, a retroactive order of this nature does not violate either the terms or spirit of New Jersey's anti-retroactivity statute, *N.J.S.A.* 2A:17–56.23a.

## FACTUAL BACKGROUND

Plaintiff and defendant were married for sixteen years. They have two children, H.S. and J.S., twins who are now ten years old. On November 15, 2013, the parties permanently separated, with defendant moving out of the marital home and the children remaining in plaintiff's primary care. Afterwards, defendant did not pay child support to plaintiff, nor did either party immediately file an application asking the court to establish a formal support order.

Subsequently, on or about March 28, 2014, plaintiff filed a complaint for divorce, seeking various forms of relief against defendant. Her divorce complaint expressly included, in the "wherefore" clause, a written request for child support from defendant. After some delay, plaintiff ultimately effectuated successful service of the summons and filed complaint upon defendant, who reciprocally retained counsel and filed an answer and counterclaim for divorce against plaintiff on or about August 14, 2014.

Thereafter, for nearly six months between August, 2014 and January, 2015, the matter proceeded through pre-trial litigation as a contested case. During this period, both parties actively engaged in the litigation and participated in case management proceedings, discovery (including an expert vocational evaluation of defendant), motion practice regarding a dispute over each party's respective access to a second home, and mediation. During this time, however, neither party formally filed a motion with the court for the establishment of a pendente lite child support order.

Ultimately, the parties settled some of their interim parenting issues through negotiation and mediation. Efforts to amicably resolve the remainder of the case, however, proved unsuccessful, and multiple issues, including the issue of child support, remained unresolved.

On or about January 6, 2015, plaintiff filed a pendente lite motion, seeking child support retroactive to, at the very least, the filing date of the divorce complaint (March 28, 2014).[1] Thereafter, on or about February 17, 2015, defendant filed a response and cross-motion seeking various forms of financial relief, including but not limited to alimony.

With respect to plaintiff's request for child support, the preliminary issue is whether plaintiff may obtain retroactive child support only back to the motion filing date of January 6, 2015, or rather, back to the complaint filing date of March 28, 2014. The court holds in favor of the latter.

## LEGAL ANALYSIS

Initially, the court notes that New Jersey has an "anti-retroactivity" statute relative to child support. Specifically, *N.J.S.A* 2A:17–56.23a, states the following:

> [N]o payment or installment of an order for child support, or those portions of an order which are allocated for child support established prior to or subsequent to the effective date of *[N.J.S.A.* 2A:17–56.23a], shall be retroactively modified by the court except with respect to the period during which there is a pending application for modification, but only from the date the notice of motion was mailed either directly or through the appropriate agent. The written notice will state that a change of circumstances has occurred and a motion for modification of the order will be filed within 45 days. In the event a motion is not filed within the 45–day period, modification shall be permitted only from the date the motion is filed with the court. *N.J.S.A.* 2A:17–56.23a.

Pursuant to this statute, a court may retroactively modify one's child support obligation under an existing court order back to the filing date of an "application for modification," or forty-five days earlier upon service of advance written notice. *See Cameron v. Cameron*, 440 *N.J.Super.* 158, 166, 111 *A.*3d 733 (Ch.Div.2014).

---

[1] Originally, plaintiff sought child support retroactive to the date of the parties' separation, which was several months prior to the filing of the divorce complaint or any other formal legal application for support. The court denied plaintiff's motion in this respect, without prejudice, and limited the claim for retroactive child support to the date when she first filed a formal child support request within the divorce complaint.

A fundamental purpose behind the anti-retroactivity statute is to provide the paying party, i.e., the non-custodial parent or "obligor" with fair and reasonable advance notice of any proposed modification of a support order, so that he or she may adequately prepare, plan, and respond accordingly.

In divorce court, some may automatically presume that the anti-retroactivity statute prohibits the retroactive establishment of child support to any date earlier than the filing date of a pendente lite support motion, or at most forty five days earlier upon written notice. A close reading of the anti-retroactivity statute, however, reflects that this is not the case. The anti-retroactivity language of *N.J.S.A.* 2A:17–56.23a references *modifications* to support orders, meaning existing orders that were already established and entered by the court, either by adjudication or consent, and filed in the court at some earlier date. The statute, which deals with changes of circumstances from the time of entry of a prior order, does not address the entirely separate issue of an effective retroactive date of an initial support order, following the filing of a divorce complaint in which the filing party actually requests child support.

Further, the statutory language does not state that in order to lock in an effective starting date for a child support obligation, a party who files a divorce complaint that formally requests child support must also file a pendente lite support motion prior to trial in order to avoid legally forfeiting any and all child support entitlements between the filing date of the complaint and the filing date of the judgment of divorce. Family court is a court of equity, meaning a court of fairness, and forfeiture of a child's right to be supported by both parents runs completely against basic concepts of fairness and equity. To the contrary, it is well settled as a matter of policy, that equity abhors forfeiture. *See Dunkin' Donuts of Am. v. Middletown Donut Corp.*, 100 *N.J.* 166, 182, 495 *A.*2d 66 (1985). If the Legislature intended to require the drastic result of forfeiture of child support, even after a custodial parent

requests same in a complaint and is simply awaiting trial of the issue, the drafters could have easily included additional clarifying language stating so, clearly directing that when a party files a divorce complaint with a specific request for child support, such claim is ineffective unless and until that party mandatorily files a second written application, i.e., a pendente motion for child support, sometime between the filing of the complaint and the trial date.

As regarding any legal argument that *N.J.S.A.* 2A:17–56.23a implicitly requires a divorcing party who has already included a child support claim in a divorce complaint to file a pendente lite support motion in order to preserve the child support claim during the period of time before trial, there are several separate reasons why such an interpretation of the anti-retroactivity statute can lead to wholly inequitable results.

First, as far as proceedings under the matrimonial ("FM") docket are concerned, New Jersey law makes clear that when parties divorce, certain financial issues, such as eligibility of assets and debts for equitable distribution, are determined by the filing date of the complaint, not by the filing date of any subsequent interim application. *See Painter v. Painter*, 65 *N.J.* 196, 218, 320 *A.*2d 484 (1974). Similarly, a court may award counsel fees at trial under *Rule* 5:3–5 for all legal services rendered following the filing date of the complaint for divorce, not just those services postdating the filing date of a formal pendente lite motion or other application for interim relief.

If, at final hearing, these financial claims may be determined and adjudicated retroactive to the filing date of the complaint, logic and reason support the concept that a child support claim, initially set forth in a divorce complaint, may be equitably preserved for trial as well. This point is material given the paramount importance of child support, which is a right of a minor child that generally cannot be waived. *See Martinetti v. Hick-*

*man,* 261 *N.J.Super.* 508, 512, 619 *A.2d* 599 (App.Div.1993).[2] Further, the strong public policy behind every child support determination in New Jersey is the best interests of the child. *See Lozner v. Lozner,* 388 *N.J.Super.* 471, 480, 909 *A.2d* 728 (App.Div.2006).

Second, plaintiff both filed and served her divorce complaint upon defendant, clearly providing written notice in plain and simple language, that she was in fact seeking child support from defendant. Hence, defendant knew, or reasonably should have known, that child support was an issue expressly and actively pending before the court. The purpose behind the legal requirement for a plaintiff to file a written complaint is to provide a defendant with formal legal notice of the claims against him or her, so that the defendant in turn has a fair and reasonable opportunity to respond and defend if desired. A complaint does not have to describe all the specifics of a claim in order to satisfactorily place the other party on fair notice of the claim's existence and legal pendency, as the purpose of the pleading is to fairly apprise the adverse party of the claims and issues raised. *See Spring Motors Distrib., Inc. v. Ford Motor Co.,* 191 *N.J.Super.* 22, 29–30, 465 *A.2d* 530 (App.Div.1983), *aff'd in part, rev'd in part on other grounds,* 98 *N.J.* 555, 489 *A.2d* 660 (1985). Further, a complaint is entitled to indulgent reading in determining its adequacy. *See Van Dam Egg Co. v. Allendale Farms, Inc.,* 199 *N.J.Super.* 452, 455–56, 489 *A.2d* 1209 (App.Div.1985). If the

---

[2] There is no divorce between parent and a child. *Zazzo v. Zazzo,* 245 *N.J.Super.* 124, 130, 584 *A.2d* 281 (App.Div.1990). For this reason, each parent is responsible for sharing the costs of providing for an unemancipated child. *See L.V. v. R.S.,* 347 *N.J.Super.* 33, 41, 788 *A.2d* 881 (App.Div.2002). Based upon these principles, a parent may be required to contribute to support-related items such as medical bills, even after a significant time has passed before the custodial parent has filed a follow-up application seeking contribution. *See Gotlib v. Gotlib,* 399 *N.J.Super.* 295, 306, 944 *A.2d* 654 (App.Div.2008) (non-custodial parent's legal responsibility to contribute to cost of children's past medical bills not waived or forfeited by custodial parent's failure to file more timely motion to enforce obligation).

opposing party in fact seeks further specificity, he or she may (a) engage in discovery, or (b) file a motion regarding same.

Third, the concept of the complaint filing date rather than the motion filing date serving as the mechanism for establishment of the effective date of a child support obligation, is not uncommon in family court. For example, in a summary proceeding such as an initial domestic relations action under the "FD" docket, where cases are generally heard in more expeditious fashion than cases under the "FM" docket, a hearing generally takes place relatively soon after the filing of the complaint. For this reason, there are rarely interim pendente lite support motions filed in "FD" actions between the date of the complaint and the hearing. Rather, a litigant files a complaint for child support, and at final hearing, the court may enter a child support award retroactive to the complaint filing date. Similarly, in domestic violence proceedings under the "FV" docket, the time that transpires between the filing of the complaint and the final hearing is usually very short, i.e., ten days under *N.J.S.A.* 2C:25–29. At final hearing, the court may enter an order for temporary spousal support or child support, retroactive to the filing date of the complaint. No interim support motion must be filed to preserve the claim.

■ Fourth, even if plaintiff in this case had filed a pendente lite child support motion earlier than January 2015, any and all relief granted on such support claim would not have been final at all, but would have only been an interim arrangement, entered without prejudice, and subject to further review and possible retroactive increase, decrease, or other modification at trial. *See Mallamo v. Mallamo,* 280 *N.J.Super.* 8, 12, 654 *A.*2d 474 (App.Div. 1995). A pendente lite support order is itself subject to retroactive adjustment notwithstanding the anti-retroactivity statute, and is an exception to the anti-retroactivity legislation. *See Cameron v. Cameron, supra,* 440 *N.J.Super.* at 167, 111 *A.*3d 733. Since a pendente lite support figure entered by the court is only temporary and subject to retroactive change at trial or other subsequent

proceedings, there is even less reason to compel a newly divorcing party to immediately file a motion for interim pendente lite support in order to avoid forfeiture of any accruing child support claims pending trial.

Fifth, and perhaps most importantly, there is a great concern about essentially compelling a divorce litigant to file a pendente lite motion in order to avoid losing all rights to a child support claim that has already been identified and included in a filed divorce complaint. Between the time of the filing of the divorce complaint and trial, there are many legitimate and genuine reasons why a custodial parent might, in good faith, choose to refrain from filing a pendente lite motion for child support, even if she or he might otherwise need the money to help meet the costs of raising the children. These reasons may include, but not necessarily be limited to: (a) a desire to avoid spending the expense, time, and energies that are generally involved in the preparation and filing of such a motion; (b) a wish to avoid any unnecessary escalation of litigation which a motion may cause; (c) a desire to attempt to settle the case through less contentious and hostile avenues such as negotiation or mediation.

Notably, New Jersey has a very strong public policy encouraging family court litigants to consider resolving their cases through alternative means besides contentious and expensive proceedings. So important is this policy that *Rule* 5:4–2(h) requires that the first filed pleading of each party in divorce litigation include an attached affidavit of notification of the availability of complementary dispute resolution and alternatives to conventional litigation, including but not limited to mediation or arbitration. The court finds that the inclusion of the "including but not limited to" language may reasonably be interpreted to include ongoing negotiations in place of contentious and often voluminous pendente lite support motions. Such an interpretation is wholly consistent with the Judiciary's "enthusiastic acceptance of alternatives to courtroom dispute resolution" so as to permit parties as much autono-

my as possible in managing their personal lives.[3]

The court further finds that preserving plaintiff's claim for child support from the filing date of the complaint is not inequitable or unfair to defendant. For certain, divorces under the "FM" docket may generally take longer to resolve than matters under the "FD" or "FV" dockets, often prompting the filing of pendente lite support motions for interim arrangements between the filing date and a divorce trial. There is no rule or policy, however, stating that only the custodial parent can file a motion to establish the non-custodial parent's pendente lite support obligation. To the contrary, in response to a divorce complaint containing a claim for child support, a non-custodial parent has just as much right as a custodial parent to file a motion to establish specific parameters for an interim child support order. In this case, defendant as the non-custodial parent always had as much right as plaintiff, in the midst of the divorce proceedings, to file a pendente lite motion formally determining and establishing the parameters of an interim support obligation, without prejudice and subject to retroactive modification at trial under *Mallamo*. Since defendant had this same exact right and ability as plaintiff to make such application,

---

[3] *See Chen v. Chen*, 297 *N.J.Super.* 480, 489, 688 *A.2d* 636 (App.Div.1997). It goes without saying that settlement of litigation ranks high in the public policy of this state. *Ziegelheim v. Apollo*, 128 *N.J.* 250, 263, 607 *A.2d* 1298 (1992); *Nolan v. Lee Ho*, 120 *N.J.* 465, 472, 577 *A.2d* 143 (1990). This is particularly true in matrimonial matters as a peaceful means of terminating domestic strife. *See N.H. v. H.H.*, 418 *N.J.Super.* 262, 13 *A.3d* 399 (App.Div.2011). " 'Settlements permit parties to resolve disputes on mutually acceptable terms rather than exposing themselves to the uncertainties of litigation. Settlements also save parties litigation expenses and facilitate the administration of the courts by conserving judicial resources.' " *Id.* at 280, 13 *A.3d* 399 (quoting *Ocean Cnty. Chapter Inc. of Izaak Walton League of Am. v. Dep't of Envtl. Prot.*, 303 *N.J.Super.* 1, 10, 696 *A.2d* 25 (App.Div.1997)). "Thus, settlements—the parties' choice of the least unfavorable alternatives—occur for many reasons other than certainty of result. Settlements are made to obviate the pressures of litigation, to avoid the expense of counsel fees, and to avoid the cost and delay of appeals. In this case, the parties themselves expressed another irresistible reason, a non-economic reason, to settle: to spare their seven children the heartbreak of having their innermost feelings about their parents—even if reviewed in camera—forensically analyzed." *Ibid.*

any decision by plaintiff to withhold from filing such application, cannot fairly and equitably result in only plaintiff incurring a financial consequence (i.e., loss or forfeiture of child support) as a result of both parties abstaining from filing such a motion for many months. This is particularly relevant given that plaintiff is the custodial parent who has essentially been supporting the children without child support or financial assistance from defendant during this period of time.

■ For all of the foregoing reasons, the court holds that when a party files a divorce complaint that includes a specific claim for child support, the court may ultimately set a child support order retroactive to the filing date, whether or not the applicant has also filed a follow-up pendente lite motion at some date thereafter and irrespective of the date or disposition or any such interim pendente lite motion. Ultimately, the issue of whether to retroactively set child support to the complaint filing date, or to a motion filing date thereafter, is subject to the discretion of the court, based upon the factual circumstances and comparative equities presented. For purposes of this specific matter, however, the court establishes under the law of the case doctrine that there is no legal prohibition under New Jersey's anti-retroactivity statute against setting child support retroactive to the complaint filing date, either at trial, or at the time of a pendente lite order, or at any other time deemed appropriate by the court.

As a practical matter, there may be contested facts on this issue in any case that equitably justify a stay of disposition pending fact finding at trial or other proceedings. For example, if during the period between the complaint filing date and the motion filing date, there were substantial financial payments by the obligor which may arguably justify an equitable credit against child support in order to avoid double counting (such as direct payments to the obligee or payments for roof expenses or other child-related costs), it may be wholly premature to simply impose a retroactive, arithmetic child support figure covering such time period without giving due consideration of such contributions for set-off purposes.

Similarly, if the parties were living together during such prior time, and sharing expenses, the assessment of a retroactive child support figure for that time might be factually inequitable and inappropriate for pendente lite determination, and may need to actually await trial if not amicably resolved and settled by the parties themselves. Any stay or deferral of the issue to trial, however, does not extinguish the claim, but only defers final disposition of same, which is a major distinction when framing trial issues in an ongoing contested case. Meanwhile, if the issue of child support accruing between a complaint date and a motion date does in fact proceed unresolved to trial, the court may at that time determine the total child support claim back to such date, and also determine any adjustments for credits or other equitable financial set-offs possibly arising from any other child-related financial contributions made by the non-custodial parent during the relevant past period of time.

In the present case, the court does not presently set and quantify a retroactive pendente lite child support obligation by defendant for the period of time between the filing date of the complaint and the filing date of the pendente lite motion. Nonetheless, plaintiff's claim for retroactive child support during such time is not forfeited, but rather is preserved for trial. Reciprocally, if defendant alleges that during such past time period he made other financial payments, and should receive an equitable credit against such retroactive child support (i.e., payment to or on behalf of plaintiff for child-related expenses), he may submit his evidence through discovery and trial as well.

As a final note, defendant argues that in this specific case, there was a significant delay between the date plaintiff filed the complaint and the date she served the complaint upon him. He contends that under such circumstances, even if the court is permitting retroactive support prior to the motion filing date, the retroactive date for such child support obligation should equitably be the date he was served with the complaint, not the date of filing. Reciprocally, plaintiff implicitly contends that the delay in

service was not her fault, and hence the support obligation should commence as of the date of filing rather than date of service.

The specific factual circumstances for the gap between filing and serving the complaint may be further explored at trial. Defendant's argument may carry a degree of equitable logic, in that if a complaint for child support is filed but not served by plaintiff for a substantial period of time, then plaintiff must demonstrate good cause and justification for such delay to still fairly maintain the filing date as the possible retroactive date for commencement of the child support obligation. If no such good cause exists, then equity and fairness may require that the child support claim in this case should retroactively apply not as of the date of filing, but as of the date of service of the complaint. The issue is fact-sensitive and will be determined by the court at trial if the parties are unable to otherwise constructively and amicably resolve the issue, through compromise and settlement, between themselves.[4]

---

[4] Subsequent to these pendente lite proceedings, the parties ultimately and amicably settled all issues, including the issue of plaintiff's retroactive child support claim, without the necessity of trial. There are no further matters presently pending.