**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3065-22

NJ CRIMINAL
INTERDICTION LLC,
d/b/a STREET COP TRAINING,

     Plaintiff-Appellant,

v.

KEVIN WALSH, ACTING
STATE COMPTROLLER,
STATE OF NEW JERSEY,
OFFICE OF THE STATE
COMPTROLLER,

     Defendant-Respondent.

_____

        Submitted May 6, 2024 – Decided August 30, 2024

        Before Judges Berdote Byrne and Bishop-Thompson.

        On appeal from the Superior Court of New Jersey, Law
        Division, Mercer County, Docket No. L-0996-22.

        Plosia Cohen LLC, attorneys for appellant (Jonathan F.
        Cohen, of counsel and on the briefs).

Greenbaum, Rowe, Smith & Davis, LLP, attorneys for respondent (John D. North, of counsel and on the brief; Akshar U. Patel, on the brief).

PER CURIAM

In a May 1, 2023 Law Division order, plaintiff New Jersey Criminal Interdiction LLC d/b/a Street Cop Training's (Street Cop) complaint, brought against defendants Kevin Walsh and the State of New Jersey, Office of the State Comptroller's (OSC), was dismissed with prejudice. On appeal, plaintiff challenges one provision of the order — the dismissal of the New Jersey Civil Rights Act (CRA), N.J.S.A. 10:6-1 to -2, claim. We affirm substantially for the reasons set forth in Judge Robert Lougy's written opinion.

We discern the following facts from the record. OSC is an independent state agency focused on the accountability, transparency, and efficiency of the state executive branch and its finances. Since 2010, OSC has worked to detect and uncover government waste, fraud and abuse, monitor the performance of executive branch employees, officials, and entities, and issue investigative reports to the public.

To provide the oversight necessary to effectuate its mandate, OSC has the authority to "subpoena[] any documents, books, records, papers, objects, or other evidence" it "reasonably believes may relate to a matter under

2

investigation." N.J.S.A. 52:15B-8(c). "If any person to whom such subpoena is issued" refuses to comply with the subpoena, then OSC "may apply to the Superior Court and the court may order the person to" comply. Ibid. Accordingly, any state entity, public entity, or private vendor that receives funds from such units in the executive branch of state government and units of local government must provide OSC with prompt access to all relevant documents and information requested by OSC. N.J.S.A. 52:15C-14.

In November 2021, the OSC created the Police Accountability Project. Ibid. "The Police Accountability Project works to detect fraud, waste, abuse, and misconduct in law enforcement agencies. The Project's mission is to uncover systemic issues in policing that open the State up to civil liability, and therefore significant amounts of taxpayer funds when policing goes wrong." Ibid.; OSC, Work We Do, Police Accountability Project, https://nj.gov/comptroller/about/work/police/ (last visited April 25, 2024).

Beginning October 4, 2021, plaintiff held a five-day Street Cop Training Conference in Atlantic City. A popular and conservative political commentator was a guest speaker, among others. According to plaintiff, the conference received media attention from a "handful" of news outlets with opposing political views to the guest speaker.

Approximately seven months after the conference, in a May 27, 2022 letter to plaintiff, the OSC requested financial documents and information related to payments to Street Cop training by any New Jersey law enforcement agency and documents related to the substantive training provided by plaintiff through its instructors. Although plaintiff is a private vendor that receives public funds and was therefore required to produce the documents, it refused to do so.

Thereafter, plaintiff filed a verified complaint seeking equitable and legal relief from the court for a violation of the CRA, among other claims. In essence, plaintiff asserted that: it was targeted because the conservative political commentator appeared as a guest speaker; the OSC "fixated" on the conservative political commentator because four out of the five document requests specifically identified and sought documents related to the conference; the OSC "singled" out plaintiff based on the media coverage which associated plaintiff and the commentator's political views; it was treated differently from other similarly situated vendors of law enforcement training classes; and the OSC adopted a classification system that discriminated against certain vendors based on a perceived ideology.

A-3065-22

Plaintiff also filed an Order to Show Cause as to why the OSC should not be enjoined from obtaining the requested documents. Plaintiff's order to show cause was denied without prejudice because the application "provide[d] no authority in statute or rule for the matter to proceed summarily and the [c]ourt's review of the pleadings reveal[ed] no such authority."

The OSC then served a subpoena on plaintiff seeking the same documents and information. Plaintiff informed the OSC that documents would not be provided "until the matter ha[d] been adjudicated as a non-summary action []and the parties engaged in motion practice." Ultimately, on July 26, 2022, the court denied plaintiff's motion to quash the subpoena and granted the OSC's cross-motion to enforce the subpoena. We affirmed the trial court's decision. NJ Crim. Interdiction LLC v. Walsh, No. A-4009-21 (App. Div. Nov. 23, 2022) (slip op. at 4-5). The Supreme Court denied plaintiff's motion for leave to appeal. NJ Crim. Interdiction LLC v. Walsh, 253 N.J. 278 (2023).

Thereafter, in lieu of an answer, defendants moved to dismiss plaintiff's complaint pursuant to Rule 4:6-2(e) for failure to state a claim upon which relief may be granted. Plaintiff opposed the motion arguing: (1) discovery was necessary to develop a legal theory that OSC targeted plaintiff under the CRA and the New Jersey Constitution because of a perceived political ideology; (2)

the trial court was in the best position to determine whether the documents were relevant or unduly burdensome; and (3) could not be audited under the jurisdiction of the OSC or is not a "creature of the State" as a private vendor.

Following oral argument, the motion judge entered an order and written decision on May 1, 2023, dismissing plaintiff's complaint. Citing the well-established standards for the dismissal of a complaint at the pleadings stage, the judge "summarily rejected as meritless [p]laintiff's claim that politics motivated defendant[s'] investigation." The court reasoned

> Moreover, [p]laintiff has asserted and certified to the very facts and information necessary to ultimately establish OSC's neutral reason for obtaining the documents and information OSC requests – Street Cop is a private vendor receiving public funds, thereby falling squarely under OSC's statutory purview pursuant to both N.J.S.A. 52:15B-1 to 16 and N.J.S.A. 52:15C-14. Nothing in the established and undisputed facts support [p]laintiff's allegation that its civil and constitutional rights have been violated. Instead, these facts show that OSC is acting within its statutory mandate, and in turn, the CRA complaint is unsustainable even when the complaint is read liberally and [p]laintiff is given all favorable inferences of its own factual assertions.

This appeal followed.

6

On appeal, plaintiff argues that we should reverse the trial court's ruling, reinstate its claim, and permit discovery. Our consideration of plaintiff's argument on appeal is guided by the following principles.

In an appeal from the dismissal of a complaint under Rule 4:6-2(e), we review the complaint de novo, applying the same standard as the motion court. Bacon v. New Jersey State Dep't of Educ., 443 N.J. Super. 24, 33 (App. Div. 2015). The complaint must allege sufficient facts to form the basis for a claim and must fairly advise the adverse party of the claims raised and pertinent issues. R. 4:5-2; Kakstys v. Stevens, 442 N.J. Super. 501, 508 (Ch. Div. 2015); Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005) (internal quotations omitted).

The court must determine if "a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)). When doing so, the court must search "the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Ibid. (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)).

Although the factual allegations set forth in the complaint are accepted as true for the purposes of this inquiry, the motion "may not be denied based on the possibility that discovery may establish the requisite claim; rather, the legal requisites must be apparent from the complaint itself." Edwards v. Prudential Prop. & Cas. Co., 357 N.J. Super. 196, 202 (App. Div. 2003)

Dismissal is appropriate where the complaint's "'factual allegations are palpably insufficient to support a claim upon which relief can be granted.'" Borough of Seaside Park v. Comm'r of N.J. Dep't of Educ., 432 N.J. Super. 167, 200 (App. Div.) (quoting Rieder v. State, 221 N.J. Super. 547, 552 (App. Div. 1987)). Therefore, dismissal for failure to state a claim "should be granted in only the rarest of instances." Id. at 772.

Applying the liberal standard required under Rule 4:6-2(e), we concluded plaintiff's complaint fails to state a viable cause of action. Even giving plaintiff an indulgent reading of the complaint, the OSC is vested with the authority to review documents related to the expenditures of public funds. We reject plaintiff's assertion that subpoenaed documents from a private vendor does not fall within the purview of the OSC based upon its statutory authority and mandate. Read most liberally, plaintiff's claim sets forth conclusory allegations that it was target for a perceived political ideology and does not present a

fundament of a cause of action for a CRA violation. We perceive no basis for finding that plaintiff's claim has merit.

To the extent we have not otherwise addressed plaintiff's arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-3065-22