**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2686-23

S.D.,[1]

    Plaintiff-Respondent,

v.

D.M.,

    Defendant-Appellant.

_____

        Argued on November 12, 2025 – Decided January 14, 2026

        Before Judges Susswein and Augostini.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Salem County, Docket No. FD-17-0587-11.

        D.M., appellant, argued the cause on appellant's behalf.

        S.D., respondent, argued the cause on respondent's behalf.

PER CURIAM

---

[1] We use initials to protect the confidentiality of the parties and their child. See R. 1:38-3(d)(3).

In this non-dissolution matter, defendant D.M. appeals from the February 23, 2024 and April 23, 2024 Family Part orders addressing, in part, child support and attorney's fees. We affirm the portion of the orders establishing a child support award effective February 23, 2024. However, because plaintiff's counsel did not submit an affidavit of services as required by Rules 4:42-9 and 5:3-5(c), we reverse the $2,500 award of counsel fees and remand on this issue.

I.

We summarize only the pertinent facts necessary to address the issues before us and incorporate the facts from our prior decision. S.D. v. D.M., A-3010-19 (App. Div. Oct. 15, 2021) (slip op. at 1-31). The parties, who never married, have a child in common, M.M., born in 2008. They have had a tumultuous co-parenting relationship over the years and have previously litigated custody and parenting time issues.

In 2011, the family court granted the parties joint legal custody, designating plaintiff as the parent of primary residence (PPR) and defendant as parent of alternate residence (PAR). Defendant had weekly parenting time from Thursday to Sunday.

In May 2018, the parties entered a consent order resulting in a fifty-fifty shared custody arrangement. In December 2018, however, defendant filed a

2

complaint contesting the May 2018 consent order and seeking various relief including the appointment of a guardian ad litem (GAL), counseling for M.M., and modification of the current parenting time arrangement. Defendant alleged, among other things, that plaintiff had abused or neglected M.M., which the Division of Child Protection and Permanency investigated and concluded was not established. Plaintiff filed a cross motion seeking to return to the parenting time arrangement that predated the May 2018 consent order because she contended that M.M. adjusted poorly to the shared custody arrangement.

After several postponements, the family court conducted a four-day trial, concluding with the February 18, 2020 order[2] accompanied by a comprehensive decision, denying defendant's requested relief and continuing the parties' shared joint legal custody and with plaintiff remaining as PPR. Defendant's parenting time would occur on alternating weekends. The court awarded plaintiff reasonable counsel fees, permitting plaintiff's counsel to submit an affidavit of services in support of attorney's fees. On April 16, 2020, the court ordered defendant to pay plaintiff's counsel reasonable fees of $10,801.50 in monthly

_____

[2] The February 18, 2020 order reflects the date the order was signed for the trial that was concluded on February 14, 2020.

A-2686-23

installments of $500 beginning on June 1, 2020. We affirmed the family court's custody and parenting time determinations. S.D., (slip op. at 31).

The parties continued to have issues co-parenting M.M. in light of their differing parenting styles. They later disagreed regarding the high school M.M. would attend. Additionally, on May 1, 2022, plaintiff and M.M. argued, resulting in M.M. "throwing stuff at" plaintiff, and plaintiff calling the police. A few days later, M.M. went to defendant's home, and defendant did not return the child in a timely manner pursuant to the custody order. On May 19, 2022, plaintiff filed an emergent application seeking, in relevant part, M.M.'s return and enforcement of the family court's April 16, 2020 order.

The parties continued to file various motions regarding custody and parenting time. M.M. began "acting out" and suffering from anxiety. On August 9, 2022, the family court appointed Paul H. Scull, Jr., Esq., as M.M.'s GAL, who submitted a report after reviewing documents and interviewing M.M. and both parties. The GAL explained that plaintiff's approach to parenting, namely her inflexibility, was causing M.M.'s "disdain for her [to] grow even greater." He believed that the parties should attend counseling with the child and work towards M.M. "hav[ing] a relationship with both of his parents."

A-2686-23

On November 4, 2022, the family court interviewed M.M. who said that he "preferred to be with his dad" but that he thought it was important to "have a relationship with [his] mom." M.M. also expressed that he did not want a set schedule and "want[ed] to see [plaintiff] when [he wanted] to see her," but that seeing the parties at least equally would be ideal. On May 9, 2023, defendant filed an application for child support.

Having found a prima facie showing of changed circumstances, the family court conducted a plenary hearing over three days to address custody, parenting time, and child support. During the hearing, both parties testified and defendant called several witnesses from Acenda children's mobile response services that provided services to M.M. The court considered its November 2022 interview with M.M. and the GAL's report. Ultimately, the court did not accept the GAL's recommendation regarding plaintiff's parenting time to permit M.M. to choose when he saw plaintiff and have things "stay as they are."

On February 22, 2024, the family court issued its decision on the record with an accompanying order dated February 23, 2024. After analyzing the N.J.S.A. 9:2-4 factors, the court held that the parties would continue to share joint legal custody; however, it designated defendant as PPR and plaintiff as PAR. Plaintiff would have parenting time every other weekend during the

5

school year, and during the summer, the parties would have a "week on/week off" schedule.

Based on the New Jersey Child Support Guidelines, the family court established a $142 weekly child support obligation for plaintiff effective February 22, 2024—"not retroactive to an earlier date." The court imputed $41,600 income to defendant based on "$20 per hour at [forty] hours per week" because the court did not "see any reason why he couldn't make at least" that amount. As for plaintiff's income, the court included her $92,377 teaching salary and $3,650 income from driving school. The court included the following mandatory deductions for ten months: (1) $73 per week for health insurance; (2) $333 per week for pension contribution; and (3) $74.20 for union dues. The court credited plaintiff with ninety-five overnights based on the court ordered parenting schedule. The court denied retroactive enforcement of the child support obligation, explaining:

> . . . I have considered that [plaintiff] did not receive child support from [defendant] at any time in the past.
>
> Further, she has been financially supporting [M.M.] at all times. There was testimony uncontroverted that she has supplied health insurance. She buys things for him for school regularly. And I find also significant that for all the time that defendant has had custody, primary custody of [M.M.] it has been contrary to the [c]ourt's order of February of 2020. So

6

I don't think it would be fair to order retroactive child support against [plaintiff] at this time under those circumstances.

Regarding attorney's fees, the family court enforced the April 16, 2020 order, directing defendant to pay the prior award of $13,793.50. The court granted plaintiff an additional $2,500 in attorney's fees for the present enforcement action.

Defendant filed for reconsideration, which the family court granted in part, and modified child support after finding that defendant was entitled to an enhancement "on the basis that the child [was] over the age of [twelve] and this [was] a first child support order." Therefore, the court applied the enhancement, resulting in an upward adjustment of child support to $167 weekly. The court denied all other relief, finding that plaintiff's mandatory deductions were correct and that it could not reconsider the 2020 attorney's fees.

On appeal, defendant raises the following arguments:

> I. THE TRIAL COURT COMMITTED REVERS[IBLE] ERROR DENYING THE APPELLANT THE AWARD OF CHILD SUPPORT BACK TO THE FILING DATE CONTRARY TO BEING ALREADY DECIDED THAT BACK CHILD SUPPORT WOULD AWARDED BACK TO THE FILING DATE.
>
> II. TRIAL COURT DEMONSTRATED THE APPEARANCE OF GENDER BIAS[] COMMITTING

7

REVERS[IBLE] ERROR BY DENYING THE APPELLANT THE AWARD OF BACK CHILD SUPPORT BECAUSE THE TRIAL COURT CLAIMED IT WAS UNFAIR THAT THE RESPONDENT DID NOT RECEIVE CHILD SUPPORT WHEN SHE HAD THE CHILD THE MAJORITY OF THE TIME.

III. THE TRIAL COURT ABUSED ITS DISCRETION NOT AWARDING CHILD SUPPORT BACK TO THE MAY 9TH 2023 FILING DATE BECAUSE THE TRIAL COURT FOUND THE RESPONDENT SUPPORTED M.M. AT ALL TIMES.

IV. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT AWARDING CHILD SUPPORT BACK TO THE FILING DATE OF MAY 9TH 2024 FINDING THE APPELLANT HAD PRIMARY CUSTODY DURING LITIGATION CONTRARY TO THE FEBRUARY 2020 ORDER.

V. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING AWARD OF CHILD SUPPORT BACK TO THE FILING DATE BY NOT FACTORING IN THE DELAYS IN THE MATTER TO NOT AWARD CHILD SUPPORT BACK TO THE FILING DATE.

VI. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY MISCALCULATING CHILD SUPPORT.

VII. THE TRIAL COURT COMMITTED REVERS[IBLE] ERROR IN THE APPEARANCE OF BIAS ABUSING ITS DISCRETION BY HONORING THE RESPONDENT'S OBJECTION IN THE ORDER OF CHILD SUPPORT ON JUNE 5th 2023.

8

VIII. THE TRIAL COURT COMMITTED REVERS[IBLE] ERROR BY LETTING THE RESPONDENT DEFRAUD THE APPELLANT BY NOT APPLYING THE APPELLANT'S COURT ORDERED TAX CLAIM OF $4,000.00.

IX. THE TRIAL COURT COMMITTED REVERSIBLE ERROR DEMONSTRATING THE APPEARANCE BIAS BY PRACTICING LAW IN QUESTIONING THE APPELLANT AS WITNESS ON DIRECT EXAMINATION.

X. THE TRIAL COURT DEMONSTRATED THE APPEARANCE OF BIAS BY LAUGHING AT THE APPELLANT'S ARGUMENTS AND WITH OPPOSING COUNSEL THEN MAKING A LESS CREDIBLE FINDING AGAINST THE APPELLANT CLAIMING THE APPELLANT WAS NOT TAKING THE MATTER SERIOUSLY.

XI. THE TRIAL COURT COMMITTED REVERS[IBLE] ERROR BY WILLFULLY REFUSING TO PUNISH THE RESPONDENT FOR ESPOUSING SATANISM IN FRONT OF THE CHILD DOING NOTHING TO PROTECT THE CHILD'S FIRST AMENDMENT RELIGIOUS RIGHTS TO BE RAISED A CATHOLIC CHRISTIAN.

XII. THE TRIAL COURT COMMITTED REVERS[IBLE] ERROR BY NOT VACATING THE PRIOR TRIAL COURT AND APPELLATE COURT ORDERS THAT ARE VOID OR VOIDABLE.

XIII. THE TRIAL COURT COMMITTED REVERS[IBLE] ERROR BY ENFORCEMENT OF ATTORNEY [] FEES TO THE RESPONDENT LAWYER.

XIV. THE TRIAL COURT DEMONSTRATED THE APPEARANCE OF BIAS BY HOLDING THE RESPONDENT TO A LESSER STANDARD IN THE TRIAL COURT'S FINDINGS.

II.

Our review of a "trial court's fact-finding function is limited." Cesare v. Cesare, 154 N.J. 394, 411 (1998). "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12 (citing Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974)). Additionally, "our review of the Family Part's determinations regarding child support is [also] limited." Avelino-Catabran v. Catabran, 445 N.J. super. 574, 587 (App. Div. 2016). "Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Ibid. (quoting Cesare, 154 N.J. at 413). "[F]indings by a trial court are binding on appeal when supported by adequate, substantial, credible evidence." Ibid. (quoting Gnall v. Gnall, 222 N.J. 414, 428 (2015)). We owe no deference however to the court's legal conclusions, "which we review de novo to determine whether the judge correctly adhered to applicable legal standards." Ibid.

A.

A-2686-23

<u>Judicial Bias</u>

In various point headings, defendant contends the family court exhibited bias against him, thereby depriving him of a fair hearing. Defendant argues the court exhibited gender bias for not awarding retroactive child support, deprived him of a fair trial by questioning him as a witness on direct examination and laughing at his arguments, and erred by holding plaintiff to a lesser standard in its findings. Having carefully reviewed the record, we conclude that it does not support any of defendant's contentions.

"In a bench trial, . . . a [court] may examine witnesses to clarify testimony, aid the court's understanding, elicit material facts, and assure the efficient conduct of the trial." <u>D.M.R. v. M.K.G.</u>, 467 N.J. Super. 308, 320-21 (App. Div. 2021) (citing <u>State v. Medina</u>, 349 N.J. Super. 108, 131 (App. Div. 2002)); N.J.R.E. 614. "[B]efore the court may be disqualified on the ground of an appearance of bias, the belief that the proceedings were unfair must be objectively reasonable." <u>Panitch v. Panitch</u>, 339 N.J. Super. 63, 67 (App. Div. 2001) (quoting <u>State v. Marshall</u>, 148 N.J. 89, 279 (1997)).

At the hearing, the family court laughed at a perceived joke by defendant.

> [DEFENDANT]: So, there's much on there other than, you know, I hope [plaintiff] helps out with the schooling. She's a technology teacher. They have these Chromebooks I guess they work on a lot. I don't know

11

if you're familiar with them. Doesn't make sense to me, there's really no chrome on them — but she knows what I mean.

[PLAINTIFF'S ATTORNEY]: Noted.

[DEFENDANT]: And you know why I could help out with [the minor] at some point, that's -- you know, that's a direction, you know, I'm leaning on.

THE COURT: I'm sorry, [defendant].

[PLAINTIFF'S ATTORNEY]: That actually did make you laugh.

THE COURT: You're making me laugh with your . . . joke, [defendant].

[DEFENDANT]: What, the chrome comment. No, really don't have no chrome on them.

. . . .

THE COURT: Yes, okay. [Defendant], you just made me laugh, that's all.

[DEFENDANT]: Okay.

THE COURT: Sorry to interrupt you.

It is clear from the exchange that the court sincerely believed defendant was making a joke. The court did not laugh at or demean defendant or his arguments. This one incident did not result in unfair proceedings. See Panitch, 339 N.J. Super. at 67 (quoting Marshall, 148 N.J. at 279). The court gave defendant

A-2686-23

ample opportunity to present his case and argue for the relief he believed was consistent with their son's best interests.

After reviewing the record in light of the arguments advanced by the parties, we conclude that defendant was not deprived of a fair trial and the record is devoid of evidence of bias against defendant. The family court explained its reasoning for denying retroactive child support, appropriately asked "basic question[s]" of defendant to ensure that the court had the necessary information to make an appropriate decision, conducted the hearing in an impartial manner, and applied the same legal standards to both parties. Moreover, the court granted certain relief to defendant by designating him as PPR and on reconsideration, by upwardly modifying the child support obligation.

B.

Child Support

Defendant contends that the family court erred by not awarding child support retroactive to the filing date of defendant's application and by miscalculating child support. Defendant argues that denial of retroactive enforceability of the award: (1) was contrary to a prior determination granting retroactive enforcement; (2) demonstrated gender bias; and (3) was an abuse of discretion because the judge did not consider the delays in proceeding with the

13

matter. Defendant further contends the court erred by miscalculating the amount of plaintiff's mandatory deductions included in the child support calculation. The record does not support any of these claims.

We begin by recognizing "[t]he Family Part's 'substantial discretion' in determining child support." Avelino-Catabran, 445 N.J. Super. at 588 (quoting Gotlib v. Gotlib, 399 N.J. Super. 295, 308 (App. Div. 2008)). When awarding child support, "the court may ultimately set a child support order retroactive to the filing date" or do otherwise, "subject to the discretion of the court, based upon the factual circumstances and comparative equities presented." Kakstys v. Stevens, 442 N.J. Super. 501, 512 (Ch. Div. 2015). Thus, the court retains discretion in determining the effective date of a child support obligation.

Defendant contends he was "blindsided" by the court's decision to deny retroactive child support because, on June 5, 2023, the court had already decided it would award child support back to the filing date. We disagree with defendant's contention.

During a case management hearing, plaintiff's counsel addressed defendant's unpaid attorney's fee obligation and the issue of plaintiff's child support obligation. In response, the family court stated:

> THE COURT:  I see. All right. Well the child support obligation is an obligation owed to the child separate

and apart from the counsel fees.  So I want to make sure that the child support is getting to the child if it's needed.  So I understand your concern, [], about the counsel fees, which is separate -- but I see that as a separate obligation and should not detract from the money that should go to the child.

However if you have questions and you need some discovery with respect to the income that should be used, I would permit discovery on that question, so the [c]ourt could have adequate and correct figures to basically award on.

So I will not enter an award for child support at this time period I will reserve on that until I make a final determination on custody and parenting time at the time of the hearing. It will be retroactive to the date of the filing if it is awarded. That will give some for some exchange of discovery if needed.

Here, the court clearly stated that no final decision regarding child support had been made.  While the court may have given a preliminary or tentative decision regarding when the obligation may be effective, this statement was not memorialized in any court order, nor was the court bound by it.  "[I]t is well-settled that appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion." Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001) (citing Heffner v. Jacobson, 100 N.J. 550, 553 (1985); Isko v. Planning Bd., 51 N.J. 162, 175 (1968), abrogated on other grounds, Commercial Realty & Resources

A-2686-23

Corp. v. First Atl. Properties Co., 122 N.J. 546, 585 (1991); Ellison v. Evergreen Cemetery, 266 N.J. Super. 74, 78 (App. Div. 1993)). We reject defendant's assertion that the court was bound by its prior determination.

With respect to defendant's remaining arguments, we discern no abuse of discretion in the family court's determination not to award child support back to the filing date of defendant's application. The court explained:

> I'm not ordering a retroactive child support obligation and that is because I've considered that [plaintiff] did not receive child support from [defendant] at anytime in the past.
>
> Further, she has been financially supporting [M.M.] at all times. There was testimony uncontroverted that she has supplied health insurance. She buys things for him for school regularly. And I find also significant that for all the time that [defendant] has had custody, primary custody of [M.M.], it has been contrary to the [c]ourt's order of February of 2020. So I don't think it would be fair to order retroactive child support against [plaintiff] at this time under those circumstances.

We are satisfied the court acted well within its discretion and the competent and substantial evidence in the record supports this decision. Further, there is no support in the record for defendant's contention that the family court's decision was based on gender bias.

A-2686-23

Next, defendant contends the family court erred in its calculation of child support by not "properly break[ing] down [plaintiff's] pay from a [ten] month [twenty] week pay period into a [fifty-two] week child support guideline." Without further explanation, defendant argues the court should have corrected this "clerical error."

"The fairness of a child support award resulting from the application of [the child support] guidelines is dependent on the accurate determination of a parent's net income." Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, ¶ 12, www.gannlaw.com (2025). A parent's income, for purposes of calculating a child support obligation, is "gross income minus income taxes, mandatory union dues, mandatory retirement, previously ordered child support orders, and, when appropriate, a theoretical child support obligation for other dependents." Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A ¶ 11.

In the present case, the court used plaintiff's paystubs to determine her annual income, albeit based on a ten-month salary structure for teachers. The court included mandatory deductions for union dues and pension contributions

as reflected in those paystubs. We discern no basis to disturb the court's calculations.

## C.

### Attorney's Fees

Defendant contends the family court erred by not vacating the prior trial and appellate court orders awarding attorney's fees and by granting additional fees relative to the enforcement action. Defendant asserts that the prior attorney's fee awards in the April 16, 2020 order granting $10,801.50 and the November 4, 2021 order granting $4,275 were the product of fraud and lack of notice and therefore should not have been enforced. Defendant's arguments regarding the 2020 and 2021 orders are untimely and without merit, and we are convinced the court correctly rejected these assertions.

However, we do not address these contentions because the family court erred by granting additional attorney's fees without requiring plaintiff's counsel to submit an affidavit of services as required by Rule 4:42-9.

Counsel fee determinations "rest[] within the sound discretion of the trial judge." Gotlib, 399 N.J. Super. at 314-15 (quoting Loro v. Colliano, 354 N.J. Super. 212, 227 (App. Div. 2002)). "We will disturb a trial court's determination on counsel fees only on the 'rarest occasion[]' and then only because of clear

abuse of discretion." Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

Rule 4:42-9(a)(1) authorizes a court to make a fee allowance on final determination pursuant to Rule 5:3-5(c). Rule 5:3-5(c) provides a court with the discretion to make an allowance of counsel fees in family matters, if supported by an affidavit of services and provides factors for analyzing a counsel fee award. Rule 4:42-9(b) provides that "all applications for the allowance of fees shall be supported by an affidavit of services addressing the factors enumerated by RPC 1.5(a)." Filing an affidavit of services is a prerequisite to an award of fees under both Rule 4:42-9(b) and Rule 5:3-5(c). See Glen v. June, 344 N.J. Super. 371, 381-82 (App. Div. 2001).

In the present case, the family court analyzed the Rule 5:3-5(c) factors and determined an award of fees against defendant and in plaintiff's favor based on defendant's failure to comply with the court's prior fee award was appropriate. The court reasoned that a reasonable fee award in plaintiff's favor was warranted because defendant "was just thumbing his nose at the orders of this [c]ourt, which cannot go unsanctioned." Without reviewing an affidavit of services, the court accepted plaintiff's representation that she had incurred fees over $20,000.

A-2686-23

The court found that "2,500 is a fair amount," as a sanction against defendant for failing to satisfy the prior fee order.

On reconsideration, the court noted that it "did not seek an itemization from [plaintiff's counsel or defendant] with respect to how much it cost in fees to enforce the order for fees that was awarded back in 2020." The court held such an itemization was unnecessary. We disagree.

A court must always determine the reasonableness of the fees charged by analyzing the RPC 1.5(a) factors. R. 4:42-9(b). To determine the reasonableness of the fees sought, a court must carefully review the affidavit of services and make sufficient findings to justify a counsel fee award. Loro, 354 N.J. Super. at 228.

Rules 4:42-9(a) and 5:3-5(c) mandate the filing of an affidavit of services, detailing the fees sought in every instance. Our court rules provide "a very specific protocol for application for counsel fees." Glen, 344 N.J. Super. at 381. Moreover, defendant was entitled to review the affidavit and respond to the amount of fees sought. Without submission of the affidavit, he was deprived of the opportunity to be heard as to the reasonableness of the fees sought. Because the court rendered a decision on attorney's fees without the benefit of an affidavit of services, we remand to the family court for "a determination of reasonable

attorney's fees that is based upon the proper submission of an affidavit of services." Id. at 382. Therefore, we are constrained to remand this matter for the court to consider anew, upon notice to defendant, the attorney's fee application following plaintiff's counsel's submission of an affidavit of services.

To the extent we have not specifically addressed any of defendant's remaining arguments, it is because we have concluded they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part; reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

21